## Dennis, Perkins & Co. *v.* Jones & M'Laurin.

1. Partial payments: application of.—Where a debtor owing more demands than one to the same person, makes a partial payment, he may then apply the payment to any of the debts he sees proper; if he fail to make any application of the payment, the creditor may then apply it; and if neither make any application of the payment to any one of the several demands, then the law will apply it.

2. Same.—If the creditor procure possession of the money of his debtor, without his consent, (unless it be by a legal proceeding binding on the debtor,) the latter does not thereby lose his right to make application of the funds so obtained to any one of several demands held by the creditor against him; nor will he be bound by an application made by the creditor; and hence, where a debtor entrusted funds to an agent, with directions to apply them, by way of compromise, in satisfaction of two demands held against him by the same person, and the creditor knowing this fact, levied an attachment on the money so entrusted to the agent, and also on the money of the agent, all of which having been deposited to the credit of the agent; and thereupon the agent, in order to regain possession of his own money, assented under protest, to the application of the debtor's money

Dennis et al. *v.* M'Laurin.

to that one of the debts which was unsecured, the application so made is not binding on the debtor, who may afterwards, when sued, apply the money to either debt, at his option.

3. ATTORNEY AT LAW : WHEN HIS POWER CEASES.—The relation of client and attorney ceases whenever the suit which the attorney was employed to defend is dismissed, and he no longer has any power to act for or bind his client.

4. INSTRUCTIONS : NOT ERROR TO REFUSE ONE INAPPLICABLE TO THE EVIDENCE.—It will not be error for the court to refuse to give an instruction, though it may be correct as an abstract proposition of law, if they have already, at the instance of the party by whom it is asked, given other instructions which cover the whole case, as shown by the testimony.

5. ERROR : JUDGMENT NOT PREJUDICIAL, NOT ERROR.—A party cannot complain of a judgment of the court which is not to his prejudice ; and hence, if the court overrule the demurrer of the plaintiff to the defendant's special plea, which contains a substantial defence to the action, although it amounts to nothing more than the general issue, it will not be error; the plea in that shape being a benefit to the plaintiff, as it gave him notice of the defence relied on.

IN error from the Circuit Court of Hinds county. Hon. J. S. Yerger, judge.

*T. J.* and *F. A. R. Wharton,* for the plaintiffs in error.

*J. F. Fonte* and *Sons,* and *D. Shelton,* for defendants in error.

FISHER, J., delivered the opinion of the court.

This case was, on a former occasion before this court, and is reported in 29 Miss. R. 139, and while we are satisfied with the opinion then delivered, under the state of the case, as then shown by the record, it must be admitted that the facts, so far as they relate to the proposition of the plaintiffs to receive less than the full amount of their claim, as a satisfaction, are wholly different. What appeared by the former record to be an agreement of the parties, is now shown to be but the proposition of the plaintiffs, and never accepted by the defendants. This is all that need be said in regard to the first ground of defence.

It is manifest that the case in the court below turned upon the question of payment, and our inquiry must therefore be, whether the testimony offered on behalf of the defendants is sufficient to uphold the verdict of the jury in their favor. The witness, Avery,

stated, that when he was about leaving Jackson, in the summer of 1851, he was authorized to settle two notes held by the plaintiffs, for something over $1000 each; and that Jones placed in the hands of witness the sum of $1900, to be used for this purpose; the plaintiffs having proposed to take $1500 in full satisfaction of both debts, and Jones believing that they would take the sum of $1200, authorized the witness to settle, by paying the last-named sum. That on arriving at the City of New York, he deposited his own and the money of Jones with the plaintiffs, to the credit of the witness; that being unwell he went to Hartford, in the State of Connecticut, and while there, received a letter from the plaintiffs, inquiring whether Jones had sent money for the purpose of discharging the two notes; stating the proposition to receive the sum of $1500 in full payment, and that Mr. Tift had informed them that Jones would send money for the purpose of paying the notes as above stated, by the witness. This letter was read in evidence. The witness further stated, that on his return to New York, he had an interview with Mr. Perkins, the senior partner of the plaintiffs, who agreed to receive the sum of $1400, in full payment of both notes; that a dispatch was accordingly made out to be sent to Jones, at Jackson, Mississippi, informing him of the proposition; that Perkins saw and approved of the dispatch; that the wires being down, it was not sent, and the next morning the proposition was withdrawn, and the plaintiffs sued out an attachment, and caused it to be levied on the money which witness had deposited with them; that he was forced to consent, in order to release his money, that the money of Jones should be applied to the note on which there was no security, and to pay to the plaintiffs's attorney in New York, the sum of $50; that he gave his consent under "protest," against the proceeding. This is briefly the proof introduced to sustain the plea of payment; and the question is, was it sufficient for that purpose?

It cannot be controverted, that a debtor, on making a partial payment to a creditor who holds several claims, has the right to say to which one the money shall be applied. If he give no instructions on the subject, the creditor may make the application; and if neither make the application, then the law will make it.

The plaintiffs in this instance knew that Avery was limited in his instructions from Jones, and that he had no authority to apply the money to the unsecured note, and leave the other outstanding. Avery's consent therefore amounted to nothing. He consented for his own benefit, to the application of the money, and to the extortion of the plaintiffs, in requiring him to pay the fee of their attorney, to release his own money. He protested against the proceeding at the time, which was equivalent to saying to the plaintiffs that they must trust to Jones to ratify the proceedings, when fully informed on the subject. If the plaintiffs had given Jones legal notice of the attachment, and had, upon final judgment, subjected the money to the note, he would of course have been bound by the application thus made. But they elected to pursue a different course—to retain Avery's money until he agreed to pay the note—Jones being ignorant of the whole proceeding, and never in a legal sense a party to the attachment. Under this state of facts, we cannot entertain a doubt as to Jones's right to direct the application of the money, and to apply it to the payment of the note in controversy, on which his surety is involved, if such be his choice.

The next question is, whether Jones has ratified the application which the plaintiffs made of the money. Mr. Tift, plaintiffs' attorney, being introduced on their behalf, as a witness, stated, that suit was pending in the Circuit Court of Hinds county, at the time of the attachment proceedings in New York; that he afterwards dismissed the suit, and gave up the unsecured note, either to Jones or to his attorney. If it had been shown that Jones received the note, without notifying the attorney of the plaintiffs of his intention to insist on the application of the money to the note in controversy, he would certainly be held to have waived his defence, or to have ratified the act of the plaintiffs. But the moment the suit was dismissed the relation of client and attorney ceased between Jones and his attorney defending the suit; the delivery of the note to the attorney was not therefore a delivery of it to Jones. He may have remained wholly ignorant of this proceeding, and not having an opportunity to object to what was done, cannot be held liable for not objecting.

The testimony submitted a doubtful fact to the jury, and their verdict on this subject must be regarded as conclusive. This doubt might have been removed by introducing Jones's attorney, as a witness, which the plaintiffs omitted to do. We are therefore of opinion that the court committed no error in overruling the motion for a new trial.

It is again said that the court erred in refusing to give the fourth instruction asked by the counsel of the plaintiffs. The three other instructions given covered the whole case, as shown by the testimony, relating to the agreement or proposition to receive $1500, in payment of both notes. The fourth instruction presents more an abstract question of law than a question arising out of the evidence; and its refusal could work no injury to the plaintiffs, though as an abstract proposition it may have been correct. It is not error, either to give or to refuse such an instruction. Applying the same remark to the instructions given on behalf of the defendants, we perceive no error in the court in this respect.

It is again said that the court erred in overruling the plaintiffs' demurrer to the several answers of the defendants, because they amount to only the general issue. We are of opinion that the answers disclose a substantial defence to the action, and that admitting the position of counsel to be correct, still the error was not one to the prejudice of the plaintiffs, as the answers served to give notice of the defence, which could be made under the general issue, and in this respect were beneficial to the parties demurring.

Judgment affirmed.

A petition for a re-argument was filed, but overruled.