J. O. WHEELER v. J. M. GOFFE, EXECUTOR, AND OTHERS.

An original action cannot be sustained, in the District Court, against an exe-
cutor, and his sureties, for collecting and misapplying the proceeds of a draft
in favor of the testator, on which the plaintiff had a lien, and which had been
ordered by the County Court to be sold, on his application, for the purpose
of satisfying it; the plaintiff having an ample and appropriate remedy in the
County Court.

An amendment cannot be made, at a subsequent term, after final judgment, by
an entry *nunc pro tunc*, without notice to the opposite party.

ERROR from Goliad. Tried below before the Hon. Fielding
Jones.

This was a suit by J. O. Wheeler against J. M. Goffe, exe-
cutor of John T. Campbell, deceased, and J. L. Gossete and
H. W. Campbell, his sureties, to recover the sum of $100, with
interest thereon from the 1st of June, 1853.

In the plaintiff's petition, filed the 2d of October, 1858, he
averred, in substance, that as a creditor of the estate of John T.
Campbell, deceased, he was entitled to a lien upon a draft, due
the said Campbell in his lifetime, by the post office department;
that upon his application for that purpose, the said draft had
been ordered by the County Court to be sold, by Goffe, as exe-
cutor of the estate, to satisfy his said lien; that the executor
had collected the amount of the said draft, but neglected, failed
and refused to pay his said claim out of the proceeds thereof, or
in any other manner; and otherwise appropriated the same, and
had paid other claims, (among them those of the fourth class,
and others,) out of their order; and had also otherwise illegally
appropriated a large amount of the funds of the said estate,
which was insolvent.

The defendants excepted to the petition, upon the following
grounds: "1st. That the plaintiff did not show that he had ever
had any citation or execution issued from the County Court, or
had exhausted his remedies in said court, or had used any means
to enforce the decree of said court. 2d. That the County Court,

alone, had jurisdiction of the subject-matter of this suit, and that the District Court had no jurisdiction of the same."

The other facts are stated in the opinion.

*F. Faunt Le Roy*, for the plaintiff in error.—No order of the County Court to enforce the plaintiff's lien, could have been carried into effect, because the subject of the lien was sold, and the proceeds of the sale appropriated to the payment of other claims, and those of a lower grade; and the defendant had otherwise illegally appropriated the funds of the estate. No order against the estate would have availed the plaintiff, as the assets were exhausted. Nothing was left but the liability of the defendant on his bond; and to establish this, and collect the debt, the plaintiff instituted this suit. If he was restricted to his lien, he was without remedy; and this, too, by the maladministration of the defendant. It is believed, this action is sustained by the cases of Smith v. Smith, 11 Texas Rep. 102, and Francis v. Northcote, 6 Id. 185, and the cases cited in them.

If an executor pay debts of a lower degree first, on a deficiency of assets, he must answer those of a higher degree out of his own estate. (Toller on Executors, 258; 2 Bl. Com. 511; Hart. Dig. Art. 1187.) If an executor pay debts out of the legal order, to the prejudice of such as are superior, he is guilty of a devastavit. (Toller on Executors, 424.) But no proceeding in the County Court to establish the fact is necessary, before suing in the District Court. (Francis v. Northcote, 6 Texas Rep. 187.) The attention of the court is also called to the case of Little v. Birdwell, 21 Id. 597.

*A. H. Phillips*, for the defendants in error.

ROBERTS, J.—The demurrer seems to have been properly sustained, as the plaintiff below showed that he had an ample and appropriate remedy in the County Court, and was under no necessity to resort to the District Court. (O. & W. Dig. Art. 835.)

The record shows that the plaintiff below, by his counsel, dis-

missed the case at the Spring Term of the District Court, for 1859. At the Fall Term, 1859, a motion was made and sustained, to amend the judgment entered in the case, so as to show that the suit was dismissed, upon the demurrer, by the court, and a judgment was accordingly entered, *nunc pro tunc*. This was done without any notice to the defendant below, and is therefore erroneous. (O. & W. Dig. Art. 507; M'Nairy v. Castleberry, 6 Texas Rep. 286.) The amendment of the judgment must be disregarded. The case, then, rests upon the judgment of dismissal by the counsel for the plaintiff, as first entered; and upon that the plaintiff can present no ground of reversal. Therefore, that judgment is affirmed.

Reversed and remanded.