## GRAMES v. HAWLEY.

*(Circuit Court, D. Kansas.  February, 1883.)*

1. **JUDGMENT—VACATING AFTER END OF TERM.**
   After the end of the term a court has no power, merely upon motion, to set aside its order dismissing a cause in pursuance of a compromise, even though fraud be charged in procuring the compromise.

2. **ATTORNEY AND CLIENT—CONTINUANCE OF RELATION—PRESUMPTIONS.**
   There is no presumption of law that the relation of attorney and client continues after the termination of the litigation and the end of the term at which final judgment is rendered, except for the purpose of receiving service of citation, or other process in the nature of error or appeal; and notice to the attorney of a motion to set aside the judgment is not notice to the former client, unless the continuance of the relation be affirmatively shown.

Action at law upon transcript of a judgment in favor of plaintiff and against defendant for $3,835.29 and costs, rendered September 22, 1878, by the supreme court of New York in and for the county of Steuben. The defense is that the judgment is void because the court by which it was rendered had no jurisdiction of the defendant. The facts upon which this defense is based are as follows: Plaintiff is a citizen of New York, and defendant a citizen of Kansas. In 1873, while defendant was temporarily in New York, the plaintiff sued him to recover damages for an alleged fraud in the sale of certain lands. Process was served on defendant, and he was also, at the instance of plaintiff, arrested, and confined in prison. While defendant was so confined, and pending the suit, a written agreement of compromise and settlement was entered into, whereby defendant agreed to and did execute to plaintiff a mortgage on his homestead in Kansas for $2,000, and the plaintiff agreed to and did dismiss the suit. Prior to this settlement one W. W. Oxx had appeared as counsel for defendant in the cause. After the settlement, and the same being shown to the court, an order of dismissal, dated January 8, 1876, was entered of record in the case. Thereupon the defendant paid off his counsel, Mr. Oxx, discharged him from his service, and returned to Kansas. On the 29th day of August, 1878,—more than two years after the order of dismissal, and after the close of the term at which that order had been entered,—plaintiff filed a motion to set the same aside on the ground that it had been procured by fraud, and to restore the case to the calendar of the court for trial. Notice of this motion was served upon Oxx, as counsel for defendant, but he refused to appear. The court sustained the motion, no one appearing to resist it, ordered the case to be restored to the calendar, proceeded to try it, and rendered judgment as above stated. It is upon this judgment that suit is now brought.

*William Littlefield* and *S. O. Thacher,* for plaintiff.

*John W. Deford* and *A. W. Benson,* for defendant.

McCRARY, Circuit Judge. 1. The order of discontinuance made by the court in pursuance of the agreement of compromise and settlement was in the nature of a final order disposing of the case. Whatever power

the court may have had over the case and the parties after that order was made and during the same term, I am of the opinion that after the term it had no power to set the same aside on motion. The power of the court over the action and over the parties to it had been exhausted by the final adjournment of the term at which the final order of dismissal was entered, and it could not resume jurisdiction either over the subject-matter or the parties without a new proceeding, and the service therein of the ordinary original process. *Cameron* v. *McRoberts*, 3 Wheat. 591; *Bank* v. *Moss*, 6 How. 31; *Sibbald* v. *U. S.*, 12 Pet. 488; *Assignees* v. *Dorsey*, 2 Wash. C. C. 433; *Becker* v. *Sauter*, 89 Ill. 596; *Jackson* v. *Ashton*, 10 Pet. 480. The rule is thus stated in *Sibbald* v. *U. S.*:

"No principle is better settled or of more universal application than that no court can reverse or annul its own final decrees or judgments for errors of fact or law after the term at which they have been rendered, unless for clerical mistakes."

And in *Jackson* v. *Ashton* the court said:

"We have no power over the decrees rendered by this court after the term has passed, and the cause has been dismissed or otherwise finally disposed of."

The fact that fraud in the settlement of this suit is charged in no manner affects the question of jurisdiction or the mode of acquiring it. A judgment can no more be set aside upon motion after the term upon the ground of fraud than upon any other ground. A hearing upon proper notice upon that question is the right of the party charged with the fraud. We cannot assume the truth of the charge for the purpose of affecting the decision of the question of jurisdiction. What we are now to consider is whether the New York court had jurisdiction of the defendant for the purpose of trying the question of fraud. And the rule governing the decision of this question of jurisdiction is that at the end of the term at which there is a final disposition of the case (final in the sense that, if not appealed from, it ends the controversy) the parties are dismissed *sine die*. If they are citizens of foreign states, they may safely depart for their homes. If they had employed an attorney, they may then discharge him with the assurance that the controversy is at an end, and can be renewed only by proceedings in the nature of error or appeal, and that, except in the event of such proceedings, no valid service of process can be made upon the attorney. Such is the doctrine recognized by the federal courts, and it has peculiar force in all cases where parties are compelled to litigate in foreign tribunals. There is no presumption of law that the relation of attorney and client continues after the termination of the litigation, and after the final adjournment of the term at which a final judgment is rendered. Weeks, Attys. at Law, 425, 426. And it is but fair and reasonable—especially in cases like the present—to hold that a party who relies upon service made upon an attorney after final judgment and after the end of the term (unless it be service of a citation or other process in the nature of error or appeal) must take the chances of showing that at the time of such service the relation actually existed. Even if it could be shown that a different rule prevails with respect to suits between citizens of the same state in

some state courts, I should not be inclined to apply it here. That it might lead to great injustice is very apparent when we look at the circumstances of this case. The defendant had been sued in a foreign state, a thousand miles from his home. He had been thrown into prison. He employed counsel from the necessities of his situation. His case was settled. He was released from imprisonment, and thereupon paid off and discharged his attorney, and returned to his home in Kansas. Must he hold himself in readiness to return to New York and renew the litigation upon motion of his antagonist and notice to his former attorney upon an allegation that the settlement was fraudulent? If so, for how long? Certainly not for two years. Certainly not for any period beyond the end of the term, if until that time. To hold him bound for two years to answer to any motion thus made would be in effect to compel him to have an attorney in a foreign state during that period, whether he will or not. The consequences of being sued in a foreign jurisdiction are serious enough, without adding this unusual and unreasonable requirement.

2. I am also of the opinion that, even if, after the term, it had been competent for the court, upon motion, to set aside the order of discontinuance, notice to the former attorney of defendant was not notice to him. The relation of attorney and client had long been ended, so far as it was possible for the parties to end it. It was possible for them to end it for all purposes except the service of such process as was necessary to the exercise of the appellate jurisdiction of the courts of the state of New York. A motion to set aside a judgment for fraud after the term has in it all the elements of a bill in chancery. It is in its nature an original proceeding. It is not a part of the original suit, and therefore service upon the defendant is necessary. As the court which rendered the judgment had no jurisdiction, its proceedings are without force or validity, and the question is properly raised here.

Judgment for defendant for costs: