## HAMILTON v. HAMILTON. (No. 6227.)

(Court of Civil Appeals of Texas. Austin. June 23, 1920. Appellee's Motion for Rehearing Denied Oct. 27, 1920.)

1. **Attorney and client** ⬅76(4) — **Attorney's authority generally ceases with final judgment.**

As a general rule, the authority of an attorney to represent his client ceases when the case is finally disposed of; that is, when final judgment is entered therein.

2. **Attorney and client** ⬅76(4) — **Attorney's authority generally continues for enforcement of judgment.**

As a general rule, the authority of an attorney to represent his client continues as to all matters regarding the enforcement of judgment.

3. **Attorney and client** ⬅69—**Authority to represent client two years after judgment should be affirmatively proved.**

Though in a proper case the attorney continues to represent his client until the judgment actually rendered by the court has been entered on motion for such judgment nunc pro tunc, the record should show that the attorney had express authority to continue to represent his client, where the judgment nunc pro tunc was entered two years after the first entry of final judgment, and in the meantime client had removed her residence to another state.

### On Motion for Rehearing.

4. **Evidence** ⬅317(12)—**Declaration of attorney that his authority had ceased is hearsay.**

On hearing on motion to enter judgment nunc pro tunc denying a divorce to plaintiff, where plaintiff was served only through her attorney of record, the declaration by the attorney, made some time before the motion, that he no longer represented plaintiff was properly excluded as hearsay.

5. **Attorney and client** ⬅104—**Entry of judgment nunc pro tunc, with notice to attorney only, void.**

Under Rev. St. 1911, art. 2015, authorizing the court to correct a mistake in the judgment after notice to the parties interested, entry of judgment nunc pro tunc after notice only to plaintiff's attorney of record, where it was not

shown that he had authority to continue to represent her, was void, and must be set aside.

Appeal from District Court, McLennan County; Erwin J. Clark, Judge.

Action for divorce by Edna W. Hamilton against Sam M. Hamilton. From a judgment denying the divorce entered nunc pro tunc two years after the action was dismissed, plaintiff appeals. Judgment nunc pro tunc vacated.

R. A. Word, of Waco, for appellant.
W. L. Eason, of Waco, for appellee.

## Findings of Fact.

JENKINS, J. On September 18, 1916, the appellant filed a suit for divorce against appellee, in the district court of McLennan county. On November 20, 1916, a written agreement of the parties to said suit was filed, wherein it was agreed that plaintiff's suit for divorce should be dismissed, and that defendant should pay her certain sums of money, as therein provided, and also the costs of suit. On the same day the judge entered on his docket, "Suit dismissed," and a judgment, dismissing said suit in accordance with the written agreement, was entered upon the minutes.

In September, 1917, the appellant removed from Waco to the state of Nevada, where she has continued to reside. On October 20, 1918, appellee filed a motion to have judgment entered nunc pro tunc, correcting the former judgment, so as to show that the cause was not dismissed, but that judgment was entered denying the plaintiff a divorce.

Mr. R. H. Kingsbury, an attorney of Waco, represented appellant in the divorce suit referred to. On November 1, 1918, Mr. Kingsbury, in answer to the motion to enter judgment nunc pro tunc, filed a general demurrer and general denial, as attorney for appellant. On the hearing of said motion, judgment was entered nunc pro tunc, as prayed for. Appellant had no notice of this motion, or the entry of this judgment, until May 8, 1919, when appellee, in answer to her petition for divorce, filed in Nevada, answered, setting up the judgment nunc pro tunc, and alleging that the matters involved in her divorce suit in Nevada were res adjudicata by reason of such judgment nunc pro tunc.

Appellant brought this suit to set aside said judgment nunc pro tunc, alleging want of notice on her part, and want of authority in Kingsbury; and also denying that there is any error in the entry of the original judgment.

The suit for divorce in the district court of McLennan county was before Hon. Tom L. McCulloch, district judge. Subsequent to the time the original judgment was entered, Judge McCulloch ceased to be judge of that court, and was succeeded by Judge Denton, who presided when the judgment nunc pro tunc was entered. Since that time Judge Denton has died, and this cause was tried before his successor, Judge Clark, who refused to hear any testimony as to what, if any, evidence was adduced before Judge Denton when the judgment nunc pro tunc was entered, and rendered judgment in favor of appellee.

## Opinion.

[1] As a general rule, the authority of an attorney to represent his client ceases when the case is finally disposed of. A case is finally disposed of when final judgment is entered therein. Hoffman v. Cage, 31 Tex. 595; Hay v. Cole, 11 B. Mon. (Ky.) 70; Dennis v. Jones, 31 Miss. 609; Grames v. Hawley (C. C.) 50 Fed. 319; 2 R. C. L. § 82.

[2] It may also be stated, as a general proposition, that the authority of an attorney to represent his client continues as to all matters regarding the enforcement of the judgment.

[3] Also, in a proper case, an attorney may continue to represent his client until the judgment actually rendered by the court has been entered, and this may be done by motion nunc pro tunc. But after such length of time as elapsed between the entry of the original judgment and the motion nunc pro tunc, where it is shown that the client has removed from the state, we think it should be made to appear by the record that the attorney had express authority to continue to represent his client. Grames v. Hawley, supra.

The original judgment entered herein was strictly in accord with the written agreement between the parties filed in the cause. The motion in said cause was indorsed by the attorney of Hamilton, "Motion to Dismiss." The entry upon the judge's docket was in accord with this motion, and in accord with the written agreement of the parties. The judgment nunc pro tunc is, in effect, a different judgment from that which was entered. Such long delay in finding motion to correct this judgment would seem to indicate that the judgment entered on the minutes was probably the one made by the court. Especially is this true, in view of the fact that appellant offered to prove by the judge who rendered such judgment that the original judgment rendered by him was correctly entered on the minutes. If appellant had been served with notice of the motion to enter judgment nunc pro tunc, or had appeared by her authorized attorney and contested the same, the ruling of the court herein that it was not proper to inquire as to what evidence was heard by Judge Denton on the motion nunc pro tunc would not only have been correct, but eminently proper. Appellant offered to prove that Mr. Kingsbury had stated in April, 1917, that his relation as attorney to appellant had ceased. We think

this testimony should have been admitted, for if he had no such authority, the court was without jurisdiction to enter the judgment nunc pro tunc, without service on appellant.

Under all the facts of this case, we do not think that it appears that appellant was represented on the motion nunc pro tunc by her duly authorized attorney. Justice demands that she should have her day in court. Appellee may, if he sees proper so to do, serve appellant with notice of his motion to enter judgment nunc pro tunc, and upon the trial of such motion the court should hear evidence as to whether the record spoke the truth as to what judgment was originally entered, and, if not, it should correct the judgment in accordance with the facts; or he may by proper pleading have that issue tried in this case.

For the reasons stated, the judgment of the trial court is reversed, and this cause remanded for a new trial, in accordance with this opinion.

### On Motion for Rehearing.

The inference drawn by us that the original judgment, and not the one entered nunc pro tunc, was probably the one rendered by the court, was not necessary to our decision in the case, and probably should not have been stated.

[4] We were in error in stating that testimony offered to show that the relation of attorney and client between appellant and Mr. Kingsbury had ceased before the motion for judgment nunc pro tunc was filed, should have been admitted. A further examination of the record has shown us that this testimony was hearsay.

[5] We adhere to our opinion that under the facts of this case, it should have been shown affirmatively that Kingsbury had authority to represent appellant on the motion for the nunc pro tunc judgment. In this connection, we call attention to article 2015 of the Revised Statutes, which reads:

"Mistakes in Judgments Corrected in Open Court.—Where there shall be a mistake in the record of any judgment or decree, the judge may, in open court, and after notice of the application therefor has been given to the parties interested in such judgment or decree, amend the same according to the truth and justice of the case, and thereafter the execution shall conform to the judgment as amended." Wheeler v. Goffe, 24 Tex. 662; Russell v. Miller, 40 Tex. 499.

Having found, as shown by the original opinion herein, that appellant had no notice of the motion to enter judgment nunc pro tunc, nor of the entry of such judgment, and that Mr. Kingsbury had no authority to represent her on such motion further than that he was her attorney in the original proceedings, we hold that the judgment nunc pro tunc was void, for which reason we grant appellant's motion for a rehearing, and here render judgment setting aside and vacating said judgment nunc pro tunc.

Motion granted.