## KILE v. ARRINGTON et al. (No. 526.)

Court of Civil Appeals of Texas. Eastland.
March 29, 1929.

Rehearing Denied April 26, 1929.

Bailey W. Hardy, of Breckenridge, for plaintiff in error.

Frank S. Roberts, of Breckenridge, for defendants in error.

HICKMAN, C. J. A jurisdictional question involving fundamental error is apparent on the face of this record, which requires a dismissal of the proceeding. The statement of the case will include only so much of the proceedings as throw light upon this particular question. For convenience, plaintiff in error will be called plaintiff and defendants in error defendants.

This suit was instituted by plaintiff against John Greinecks as principal and W. J. Arrington, B. B. Chappel, and T. J. Vallas as sureties on a replevy bond in garnishment. Chas. O. Austin, banking commissioner of Texas, was also made a defendant. The petition alleged that theretofore plaintiff had procured a final judgment against defendant Greinecks for $390.74, besides cost; that he caused a writ of garnishment to issue under said judgment against the People's State Bank of Ranger, which said bank had later become insolvent and was being administered by the banking commissioner; that the bank answered the writ of garnishment, admitting an indebtedness to Greinecks of $400, on which answer judgment was rendered against the garnishee for the same amount as the judgment against Greinecks. Prior to the rendition of the judgment against the bank, as garnishee, it is alleged that the money was taken from the bank on the faith of a replevy bond executed by Greinecks, as principal, and the sureties above named. No judgment was taken against the sureties on the replevy bond at the time judgment was rendered against the garnishee, and the instant suit was brought for the purpose of obtaining a judgment against the principal and sureties on the replevy bond in the amount of the judgment against the garnishee, with accumulated interest. Allegations of the petition showed that the judgment against Greinecks and the judgment against the garnishee had each become final. Alternative to his suit for judgment on the replevy bond, the plaintiff sought in his petition to reform, amend, and correct the judgment against the garnishee so as to include judgment against the principal and sureties on the replevy bond.

The case was tried before Hon. E. W. Bounds, special judge, by agreement of the parties. Greinecks made default. On June 11, 1926, an interlocutory judgment was entered by default against Greinecks, "as prayed for in plaintiff's pleadings," and the cause was continued as to the other defendants. On the 4th day of June, 1927, trial was had on the merits, and a judgment rendered against plaintiff and in favor of the defendants. In this judgment Greinecks was disposed of in the following language:

"And that the plaintiff W. Kile has heretofore taken judgment against the defendant John Greinecks."

At a subsequent term of the court, and on, to wit, October 25, 1927, the plaintiff filed a motion with the special judge to enter a judgment nunc pro tunc, setting up, in substance, that the judgment theretofore entered on the 4th day of June was not a final judgment, because it did not dispose of John Greinecks. This motion was granted by the special judge on October 28, 1927, and a nunc pro tunc judgment was entered on that day, as of the 4th day of June, in which judgment was rendered against Greinecks for the amount sued for. In other respects the nunc pro tunc judgment was the same as the judgment of June 4th. We do not know why it was thought that plaintiff was entitled to a second personal judgment against Greinecks. He alleged that he already had one final judgment against him, and he would clearly not be entitled to another one for like amount. That would be a double recovery on a debt.

The petition for writ of error by which this case was brought to this court was filed in the lower court on April 27, 1927. Plaintiff's right to a writ of error rests upon the validity of his nunc pro tunc judgment of October 28, 1927, and, if that judgment was not a valid judgment, we have no jurisdiction of this cause.

It is not disclosed by the record that any notice of plaintiff's motion to enter a judgment nunc pro tunc was ever given to any of the defendants. The order granting the motion does not recite notice. In the absence of such notice, the nunc pro tunc judgment was void. Article 2228, R. S. 1925; Cowart

v. Oram, 1 White & W. Civ. Cas. Ct. App. § 184; McNairy v. Castleberry, 6 Tex. 286; Wheeler v. Goffe, 24 Tex. 660; Hamilton v. Hamilton (Tex. Civ. App.) 225 S. W. 69.

It is therefore our opinion that the nunc pro tunc judgment of October 28, 1927, cannot form the basis of a writ of error proceeding, and that this court has acquired no jurisdiction of this cause.

Dismissed.