## HENNEMAN GRAIN & SEED CO. v. HILL.
### No. 4142.

Court of Civil Appeals of Texas. Amarillo.
Feb. 5, 1934.

Rehearing Denied Feb. 26, 1934.

E. F. Lokey, of Farwell, Roy Wallrabenstein, of Pampa, and W. H. Russell, of Hereford, for plaintiff in error.

J. D. Thomas, of Farwell, for defendant in error.

JACKSON, Justice.

This is an appeal from a judgment for $386.98, obtained in the county court of Parmer county by appellee against appellant for the alleged conversion of grain by it on which appellee asserted a landlord's lien.

Appellee alleges that he, as landlord, leased to F. M. Tharp, as tenant, a certain farm; that, as a consideration therefor, the tenant agreed to pay a rental of $750, evidenced by a note and a written contract, a copy of which contract he makes a part of his petition; that appellant purchased from the tenant certain grain grown on said farm covered by appellee's lien, with full notice thereof, and converted same to his own use and benefit.

The appellant answered by general demurrer and general denial.

The record discloses that the case was tried at the August term of the county court of said county, but that no judgment was entered until the succeeding term of court. In the decree entered, it is stated that "this judgment be entered as of date August 22, 1932."

 Appellant challenges as error the action of the trial court in overruling its general demurrer to appellee's petition because the copy of the lease contract attached thereto shows that the landlord's lien had been waived by appellee.

The contract creates the relation of landlord and tenant between appellee and Tharp, and recites that the consideration named is:

"Evidenced by a promissory note dated January 1, 1931 and due October 1, 1931, bearing interest of 10% from maturity.

"This note is to be paid out of the proceeds of the first of the crop gathered on the land unless otherwise agreed on."

There is no allegation that any other arrangement was "otherwise agreed on." There is no statement of facts in the record and nothing to suggest that the grain purchased by appellant was the first of the crop gathered. We must presume in favor of the judgment that the evidence was sufficient to establish that appellant had notice as alleged by appellee of the landlord's lien.

526

against the grain purchased. In our opinion, the provisions of the contract do not show as a matter of law that appellee had waived his lien, and the court, therefore, did not err in overruling the general demurrer. Zapp v. Davidson, 21 Tex. Civ. App. 566, 54 S. W. 366; 27 Tex. Jur. 182, § 95, and authorities cited.

The appellant urges as error the action of the trial court in entering the judgment against it in favor of appellee at the succeeding term of court in September without giving appellant notice thereof, whether the court acted on a written request of appellee or on his own motion.

It does not appear from the record whether the court acted on the request of appellee or on his own motion in entering the judgment nunc pro tunc. Neither does it appear that appellant was given or had notice that the court would, at the succeeding term, enter a judgment against it under and by virtue of the trial had at the August term of court.

In Stevenson v. Fisk et al. (Tex. Civ. App.) 65 S.W.(2d) 507, 509, Chief Justice Hickman of the Eastland court says: "The record does not disclose any notice to any of the appellees, or any application by appellant for this nunc pro tunc judgment. A nunc pro tunc judgment entered at a subsequent term without notice to the parties affected thereby is not valid. Kile v. Arrington (Tex. Civ. App.) 16 S.W.(2d) 439, and authorities there cited; 25 Tex. Jur. p. 537, § 143."

This assignment is sustained, the judgment reversed, and the cause remanded.