C. R. JOHNSON, Petitioner,

v.

Forbes HANSON et al., Respondents.

No. 12795.

Court of Civil Appeals of Texas,
Austin.

Dec. 13, 1978.

Barry Broughton, Austin, for petitioner.

J. W. Howeth, Austin, for respondents.

O'QUINN, Justice.

Forbes Hanson, individually and as next friend of his minor son, brought suit in April of 1977 against C. R. Johnson to recover $2,500 in claimed damages growing out of an automobile collision. After Johnson failed to answer or make other appearance, the trial court "rendered and entered" a default judgment on May 4, 1977, awarding plaintiffs damages in the sum of $1,200.

Three months later, on August 4, 1977, the trial court entered a judgment *nunc pro tunc*, purportedly to correct the earlier judgment, which increased damages to $2,500, the sum originally prayed for in the petition.

Johnson, now appearing through his attorney and guardian *ad litem* appointed under Rule 173, Texas Rules of Civil Procedure, seeks appeal by writ of error to set aside the trial court's judgment entered *nunc pro tunc*. We grant petitioner's application for writ of error and will render judgment setting aside the trial court's judgment *nunc pro tunc* entered August 4, 1977.

The record shows that the trial court granted the judgment *nunc pro tunc* on the same day motion for judgment was filed. The record does not disclose that defendant had notice of the motion, or hearing on the motion, prior to entry of judgment. Upon request of petitioner for a statement of facts to include record of the hearing, the official court reporter, the record discloses, was unable "to find a record of any such proceedings."

In the trial court's original judgment, rendered and entered in response to plaintiffs' motion for default judgment, the court found "upon good and sufficient evidence that Plaintiffs are entitled to recover . . . the sum of $1,200.00." The decretal clause adjudged that plaintiffs ". . . do have and recover of and from Defendant, C. R. Johnson, the sum of $1,200.00 . . . ." together with costs.

The judgment entered three months later recited that it appeared "to the Court from the evidence presented that its judgment of May 4, 1977, did not correctly reflect the judgment rendered . . . ." and decreed that plaintiffs "recover of and from Defendant C. R. Johnson, the sum of $2,500.00 . . . ." with costs.

■ The only essential difference between the original judgment entered in May and the judgment *nunc pro tunc* entered in August is that the first judgment awarded $1,200 and the second awarded $2,500. The terms of the trial court being continuous, judgment rendered and entered in May became final after expiration of thirty days following entry of the judgment. Art. 1970–324, sec. 5, Vernon's Ann. Civ.Stat. (Supp.1978); Rule 329b(6)(c), Texas Rules of Civil Procedure; *Williams v. Pitts*, 151 Tex. 408, 251 S.W.2d 148, 149 (1952). Validity of the judgment *nunc pro tunc* must be tested upon a determination, therefore, whether its purpose was to correct a clerical error or an error which as a matter of law was judicial. *Finlay v. Jones*, 435 S.W.2d 136 (Tex.1968).

The trial court heard the cause on May 4, 1977, and upon motion that day filed by plaintiffs, the court also on that day entered its "Order Granting Motion for Default Judgment" awarding plaintiffs recovery of $1,200. The judgment signed by the trial judge recites, "RENDERED AND ENTERED THIS 4th day of May, 1977." Thus the trial court, after deciding to render judgment for plaintiffs, first found plaintiffs were entitled to $1,200 and then awarded damages in the sum of $1,200.

■ The record is devoid of any evidence to show, or tending to show, how a mistake in the amount of the award might have occurred. The record on its face plainly shows without contradiction that the judgment *rendered* on May 4, 1977, was the judgment *signed* by the judge and *entered* that day. Even if an improper judgment was entered, the mistake was that of the judge in its rendition and therefore was a judicial act. *Love v. State Bank & Trust Co.*, 126 Tex. 591, 90 S.W.2d 819 (1936); *Missouri Pac. Ry. Co. v. Haynes*, 82 Tex. 448, 18 S.W. 605 (1891); *Finlay v. Jones*, *supra*. We hold that if the amount of the award in the original judgment was an error, the error was judicial and may not be corrected three months later by judgment *nunc pro tunc.*

■ As pointed out earlier, the record fails to disclose that any notice of plaintiffs' motion for judgment *nunc pro tunc* was given defendant, and the order granting the motion does not recite notice. The Rules of Civil Procedure require notice. Rules 316 and 21a. For this additional reason, the judgment *nunc pro tunc* entered August 4, 1977, was void. *Kile v. Arrington*, 16 S.W.2d 439 (Tex.Civ.App. Eastland 1929, no writ); *Stevenson v. Fisk*, 65 S.W.2d 507, 509 (Tex.Civ.App. Eastland 1933, no writ); *Henneman Grain & Seed Co. v. Hill*, 68 S.W.2d 525, 526 (Tex.Civ.App. Amarillo 1934, no writ).

The trial court as a matter of law was powerless to correct its original judgment after it became final because the error sought to be corrected was judicial. We render judgment that the judgment *nunc pro tunc* be set aside.

Reversed and Rendered.