GO LEASING, INC., Appellant,

v.

GROOS NATIONAL BANK, Appellee.

No. 16689.

Court of Appeals of Texas,
San Antonio.

Jan. 13, 1982.

Rehearing Denied Feb. 11, 1982.

Pat Reed, Dallas, for appellant.

Tim Tynan, San Antonio, for appellee.

Before KLINGEMAN, CLARK and BAS-KIN, JJ.

OPINION

CLARK, Justice.

This is an appeal by writ of error from a "Judgment by Default" against the appellants.[1] The suit was based upon promissory notes alleged to be unpaid and past due. We affirm.

---

1. Since appellants filed both an answer and a counterclaim, the use of the term "default judgment" is inappropriate. Appellants simply did not appear for trial. There is no contention, however, that appellants were not notified of the trial setting.

On June 16, 1980, pursuant to proper notice, the case was called for trial and only the appellee appeared. After hearing appellee's formal proof the trial court awarded judgment to appellee for all relief sought and a written judgment was signed on that date. On June 19, 1980, realizing that the judgment did not dispose of appellant's counterclaim, appellee filed a motion for entry of judgment nunc pro tunc, asserting that the omission to adjudicate the counterclaim was inadvertent. No notice of the motion or any hearing thereon was given to appellants. The motion was granted and a new judgment signed on that same date. The new judgment reiterated the provisions of the original judgment and, in addition, denied the counterclaim in its entirety.

Appellants present two grounds of error, complaining of lack of notice and hearing before the revised judgment was entered, and asserting that the mistake corrected was judicial rather than clerical and thus not subject to correction nunc pro tunc.

■■■ In support of their contention that they were entitled to notice of application for entry of judgment nunc pro tunc under Tex.R.Civ.P. 316, appellants rely upon *Johnson v. Hanson*, 575 S.W.2d 361 (Tex.Civ. App.—Austin 1978, no writ). Appellants' reliance, however, is misplaced. In *Johnson* the trial court first granted a default judgment awarding damages of $1,200.00 on May 4, 1977. Three months later, without notice to the judgment defendants, the same court granted a judgment nunc pro tunc awarding damages of $2,500.00 instead. On appeal the court held that if the amount of the award in the original judgment was error, it was judicial error which "[t]he trial court as a matter of law was powerless to correct" after the original judgment had become final. 575 S.W.2d at 362. *Johnson* thus stands for the proposition that the trial court lacks jurisdiction to correct a judicial error in its judgment after the judgment becomes final. Insofar as the

court in *Johnson* also struck down a judgment nunc pro tunc for the "additional reason" of lack of notice to the appellant, it relied upon earlier cases which enunciated the rule that "[a] nunc pro tunc judgment entered at a subsequent term without notice to the parties affected thereby is not valid." *Stevenson v. Fisk*, 65 S.W.2d 507, 509 (Tex.Civ.App.—Eastland 1933, no writ). Terms of court now being continuous, a situation analogous to entry of a judgment nunc pro tunc at a subsequent term is presented by entry of such a judgment after the original judgment has become final. Under those circumstances, as *Johnson* points out, Rule 316 applies and notice must be given.

■■■ In the case before us, however, the original judgment was modified only three days after it was signed. It is well established that a trial court has plenary power to reverse, modify or vacate its judgment at any time before it becomes final. *Mathes v. Kelton*, 569 S.W.2d 876 (Tex. 1978); *Bergman v. West*, 262 S.W.2d 435 (Tex.Civ.App.—Waco 1953, no writ). This power is inherent in the court and is not dependent upon any statute; and in exercising its power to correct or modify its judgment before it becomes final, the trial court is not required to give notice to the parties. *Silberstein v. State*, 522 S.W.2d 562 (Tex.Civ.App.—Austin 1975, no writ).[2]

Appellants' first ground of error is overruled.

■■■ Appellants' second ground of error presents the contention that the error corrected was judicial rather than clerical in nature and thus not subject to correction by judgment nunc pro tunc. From the record before us, we agree that the failure of the original judgment to adjudicate the appellants' counterclaim falls into the category of judicial error. It has been held to be judicial, rather than clerical, error where

---

**2.** We do not wish to be understood as encouraging *ex parte* modifications of judgments, even during the 30-day period in which the trial court has plenary power over its judgment. Even where, as here, the opposing party fails to appear for trial, considerations of professionalism should prompt counsel to make an effort to notify other interested parties that he intends to ask the court to modify the judgment.

the trial court determines that something should be added to the judgment that was rendered. *Conmark Equipment, Inc. v. Harris*, 595 S.W.2d 145, 147 (Tex.Civ.App.—Tyler 1980, no writ). A judicial error cannot be corrected by a judgment nunc pro tunc, *Finlay v. Jones*, 435 S.W.2d 136 (Tex. 1968); but since the correction was made during the period within which the trial court still had plenary power over its judgment, the corrected judgment is nevertheless valid even though it cannot be upheld as a judgment nunc pro tunc. *Mathes v. Kelton*, 569 S.W.2d 876, 878 (Tex.1978).

Appellants' second ground of error is overruled.

The judgment of the trial court is affirmed.