Opinion issued December 23, 2010

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 


In The

Court
of Appeals

For The

First
District of Texas

————————————

NO. 01-09-00514-CV

———————————

Clute Apartments 1, Ltd. &
George Michaelson,
Appellants

 

V.

 

Jerry Lorson d/b/a Tufftop Refinishing
Services, Appellee



 



 

On Appeal from the County Court at Law No. 4

Brazoria County, Texas



Trial Court Case No. CI042011

 




MEMORANDUM OPINION

The trial court rendered partial summary judgment for
appellee, Jerry Lorson d/b/a Tufftop Refinishing Services (“Lorsen”), in his
suit to recover from appellants, Clute Apartments 1, Ltd. and George Michaelson
(collectively, “Michaelson”), for breach of contract, fraud, and fraud in the
inducement, giving him the right to foreclose a lien on Michaelson’s property.
The court severed Lorson’s claims against Michaelson and later granted a
post-judgment motion to modify the judgment filed by Lorson in the severed case.  Michaelson filed a motion for rehearing or,
in the alternative, for a new trial, arguing that he had failed to receive
adequate notice of the post-judgment motion before the trial court granted
it.  The trial court denied this
motion.  In two issues on appeal,
Michaelson contends that (1) the trial court lacked subject-matter jurisdiction
to grant the partial summary judgment because Lorson’s suit was one to enforce
a lien on land—a type of suit, he contends, over which the trial court lacked
jurisdiction, (2) the court erred in denying his motion for rehearing or, in
the alternative, for a new trial because he did not receive adequate notice of
Lorson’s post-judgment motion before the court granted it.  We affirm.

BACKGROUND

          In 2006, Lorson filed suit against
Michaelson and two other defendants in the Brazoria County Court at Law No. 3,
alleging breach of contract, fraud, and fraud in the inducement.  On January 29, 2009, the Brazoria County
Court at Law No. 4, to which the cause had been transferred, granted Lorson’s
motions (a) for partial summary judgment on his claims against Michaelson and
(b) to sever those claims from the original cause so as to render them final
and appealable.  As part of its
summary-judgment order, the trial court granted Lorson the right to foreclose
on a mechanic’s and materialmen’s lien that he held on Michaelson’s property.

On February 18, 2009, Lorson filed a “Motion for Final
Summary Judgment Nunc Pro Tunc” in the severed cause, requesting revisions of
three alleged “clerical errors” in the order granting partial summary judgment:
 (1) that a legal description of
appellants’ property attached to the order had mistakenly described appellants’
property as containing 20.07 rather than 10.07 acres; (2) that the order should
have been styled a “final summary judgment” because it had in fact disposed of
all claims against appellants; and (3) that the recorded amount of interest
granted in the order was smudged and needed to be “cleaned up.”  Five days later, and without conducting a hearing,
the trial court signed an order implementing the requested changes and granting
“Final Summary Judgment” for Lorson in the severed cause.

On March 23, 2009, Michaelson filed a motion for rehearing
or, in the alternative, for a new trial, alleging that his failure to have
received adequate notice of Lorson’s “Motion for Final Summary Judgment Nunc
Pro Tunc” had rendered the subsequent final judgment invalid.  The trial court held a hearing on this motion
on April 17, 2009.  At the hearing, the
trial court stated that it had erred in granting Lorson’s motion because the
misstatement of the acreage of Michaelson’s property was substantive and could
not be corrected by a judgment nunc pro tunc; the hearing ended, however, with
Michaelson’s motion unresolved.  On April
27, 2009, the trial court denied the motion by written order.

SUBJECT-MATTER JURISDICTION  

In his first issue, Michaelson argues that the Brazoria
County Court at Law No. 4 lacked subject-matter jurisdiction to grant summary
judgment because Lorson’s suit was in effect one to enforce a lien on land—a
type of cause, he contends, over which the trial court lacked
jurisdiction.  Although Michaelson did
not contest the court’s jurisdiction below, “[s]ubject-matter jurisdiction is
an issue that may be raised for the first time on appeal; it may not be waived
by the parties.”  Tex. Ass’n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 445
(Tex. 1993).  Whether a trial court has subject-matter jurisdiction
is a question of law that we review de novo. Tex. Natural Res. Conservation Comm’n v. IT-Davy, 74 S.W.3d 849,
855 (Tex. 2002).  

Michaelson argues that the jurisdiction of the trial court
was governed by section 26.043 of the Texas Government Code, which states that
“[a] county court does not have jurisdiction over . . . a suit for the
enforcement of a lien on land.”  Tex. Gov’t Code Ann. § 26.043(2)
(Vernon 2004).  This argument, however,
overlooks the fact that the Brazoria County Court at Law No. 4 is a statutory
trial court, not a constitutional county court. 
See Tex. Gov’t Code § 25.0221(4) (Vernon
Supp. 2010).

The Texas Constitution and state statutes are the sole
sources of jurisdiction for Texas courts.  Chenault v. Phillips, 914 S.W.2d 140,
141 (Tex. 1996). Under the Texas Constitution, the judicial power of the State
is “vested in one Supreme Court, in one Court of Criminal Appeals, in Courts of
Appeals, in District Courts, in County Courts, in Commissioners Courts, in
Courts of Justices of the Peace, and in such other courts as may be provided by
law.” Tex. Const. art. V, § 1.
The Texas Constitution also authorizes the legislature to “establish such other
courts as it may deem necessary and prescribe the jurisdiction and organization
thereof, and [to] conform the jurisdiction of the district and other inferior
courts thereto.” Id.; see id. § 15 (“There shall be established in each
county in this State a County Court. . . .”). Texas courts that are enumerated
in the constitution are referred to as “constitutional courts,” while courts
that are established pursuant to the legislature’s power to create “other
courts” are referred to as “legislative” or “statutory” courts. 1 Roy W.
McDonald & Elaine A. Grafton Carlson, Texas Civil Practice § 3:3 (2d
ed.2004); see also Tex. Gov’t
Code Ann. § 21.009(1), (2) (Vernon 2004).

The Brazoria County Court at Law does not derive its
jurisdiction from the Constitution; rather it was established by statute and
its jurisdiction is prescribed by sections 25.0003 and 25.0222 of the Government
Code. See Tex. Gov’t Code Ann.
§ 25.0003 and 25.0222 (Vernon 2004). Section 25.0003 contains the general grant
of jurisdiction to all statutory county courts, and provides as follows:

(a) 
  A statutory county court has jurisdiction
over all causes . . . prescribed by law for [constitutional] county courts.

 

. . .

 

      (c)  In addition to other jurisdiction provided
by law, a statutory county court
exercising civil jurisdiction concurrent with the constitutional jurisdiction
of the county court has concurrent
jurisdiction with the district court in:

 

(1)
      civil
cases in which the matter in controversy exceeds $500 but does not exceed
$100,000 . . . .

                                                       

Id. § 25.0003(a), (c)(1) (Vernon Supp. 2010) (emphasis
added).

Section 25.0222(a)(1) contains the specific grant of
jurisdiction to the statutory county courts in Brazoria County and provides in
part as follows:

(a)    [i]n addition to the jurisdiction provided
by Section 25.0003 and other law, a
statutory county court in Brazoria County has
concurrent jurisdiction with the district court in:

 

(1) civil
cases in which the matter in controversy exceeds $500 but does not exceed
$100,000 . . . .

 

Id. § 25.0222(a)(1) (Vernon Supp. 2010) (emphasis added).

Thus, both the general and specific grants of jurisdiction
expand the jurisdiction of the statutory county courts in Brazoria County over
that of the constitutional county courts to include concurrent jurisdiction
with the district courts in civil cases with an amount in controversy between
$500 and $100,000.

Appellant correctly notes that a county court lacks
jurisdiction in the eight types of civil suits that are listed in section
26.043 of the government code. See Tex. Gov’t Code
Ann. § 26.043 (Vernon 2010).
 Included within this list of cases excluded from a county court’s
jurisdiction are suits for the enforcement of a lien on land.  Tex.
Gov’t Code Ann. § 26.043(2) (Vernon 2010).  A “county court,” however, is defined in the
government code as “the” court created in each county pursuant to the Texas
Constitution’s article V, section 15. Tex. Gov’t Code Ann.  § 21.009(1); see Tex. Const. Art. V, § 15. By contrast,
statutory county courts—such as Brazoria County Court at Law No. 4—are defined
in the Government Code as courts created by the legislature pursuant to its power
under the Texas Constitution’s article V, section 1. Tex. Gov’t Code Ann. § 21.009(2); see Tex. Const. Art. V, § 1.  The plain language of section 26.043 does not
apply to statutory county courts at law; section 26.043 restricts only the
matters that may be heard in the constitutional “county court.” See id.
§§ 21.009(1) (defining “county court”), (2) (defining “statutory county
court”), 26.043 (restricting subject-matter jurisdiction of “county court”); see
also Continental Coffee Prods. Co. v. Cazarez, 937 S.W.2d 444, 447 (Tex. 1996)
(discussing jurisdictional conflict between county court at law and district
court in context of Labor Code section 451.003 and concluding that to extent
statutory courts shared concurrent jurisdiction with district courts, nothing
in plain meaning of that statute limited or excluded that concurrent
jurisdiction).

The parties concede that suits for the enforcement of liens
fall within the jurisdiction of the district courts and that the amount in
controversy in this case is between $500 and $100,000.  Thus, both the general and specific grants of
jurisdiction to the Brazoria County Court at Law No. 4 found in sections
25.0003 and 25.0222(a)(1) of the government code confer jurisdiction to the
Brazoria statutory county courts to hear cases such as the one presented
here.  Further, we hold that section
26.043(2) does not restrict the trial court’s jurisdiction in this case because
the trial court is a statutory county court, not a constitutional county court.

Accordingly, we overrule appellant’s first issue.

DENIAL OF MOTION FOR NEW TRIAL

          In his second issue, Michaelson
contends that the trial court erred in denying his motion for rehearing or, in
the alternative, for a new trial because he did not receive adequate notice of
Lorson’s motion for “Final Summary Judgment Nunc Pro Tunc” before the trial
court granted it.  We review a trial court’s ruling on a motion for new
trial for an abuse of discretion.  Dolgencorp of Tex., Inc. v. Lerma, 288
S.W.3d 922, 926 (Tex. 2009). 
Michaelson’s argument is predicated on his additional contentions that (1)
though Michaelson failed to file his motion within 30 days of the
summary-judgment order,[1]
Lorson’s motion was in effect a motion to modify the judgment and extended the
time in which Michaelson could file his own motion for new trial[2]
and (2) a motion to modify a judgment, like that filed by Lorson, is subject to
the notice requirements of Rule 166a of the Texas Rules of Civil Procedure for
initial motions for summary judgment.  See Tex.
R. Civ. P. 166a(c) (requiring movant to serve opposing counsel with
notice of motion for summary judgment at least 21 days in advance of “the time
specified for hearing”).  Thus,
Michaelson argues that Lorson’s motion both “saved” his motion for a new trial
(by extending the trial court’s plenary jurisdiction) and provided the basis
for his moving for a new trial (because Lorson failed to provide him with
adequate notice).

          In Go
Leasing, Inc. v. Groos National Bank, 628 S.W.2d 143, 144 (Tex. App.—San
Antonio 1982, no writ), as here, a party obtaining a judgment filed a motion nunc
pro tunc which was later recognized—there by the appellate court[3]—to
have been a motion to modify the judgment. 
Id. at 144.  The trial court granted the motion within 30
days of the judgment, and the appellate court—while noting that “considerations of professionalism should prompt
counsel to make an effort to notify other interested parties that he intends to
ask the court to modify the judgment”—held that the judgment was valid because
no notice had been required for a motion to modify or for a ruling thereon at
any time within 30 days of the final judgment. 
Id. at 144, 144 n.2.  The application of the Go Leasing court’s holding is even more justified in this case
because Lorson provided notice of his motion for “Final Summary Judgment Nunc
Pro Tunc”; he merely did not provide 21 days notice as required for motions for
summary judgment under Rule 166a(c).  See Tex.
R. Civ. P. 166a(c).  

Michaelson cites no authority to support his contention that
Rule 166a’s service requirements apply to Rule 329 motions to modify a
judgment, and we have found none.  Even
if Lorson’s motion had not extended the trial court’s plenary jurisdiction, the
court itself issued its amended judgment within 30 days of its initial
summary-judgment order.  The court did
not abuse its discretion by denying Michaelson’s motion for a new trial on the
basis that he lacked notice of Lorson’s motion before the trial court issued
its amended judgment.

          We overrule Michaelson’s second issue.

 

CONCLUSION

          We affirm the judgment of the trial
court.

 

 

                                                                   Sherry
Radack

                                                                   Chief
Justice 

 

Panel
consists of Chief Justice Radack and Justices Massengale and Nuchia.[4]











[1]           See Tex.
R. Civ. P. 329b(a) (providing that motion for new trial must be filed
within 30 days of complained of order or judgment).

 





[2]           See Tex.
R. Civ. P. 329b(g) (providing that motion to modify judgment extends
plenary power of court).

 





[3]           Here,
the trial court stated at the hearing on Michaelson’s motion for a new trial that
it had erred in granting Lorson’s motion for “Final Summary Judgment Nunc Pro
Tunc” as a Rule 316 motion because the motion had in effect been a Rule 329
motion to substantively modify the summary-judgment order.  See
Tex. R. Civ. P. 329b(g)
(providing for motions to modify judgment or order within 30 days).  

 





[4]                     The Honorable Sam Nuchia, Senior Justice, Court of
Appeals for the First District of Texas, participating by assignment.