Peter Lawrence HATFIELD, Appellant,

v.

Sharlene Kay CHRISTOPH, Appellee.

No. 5601.

Court of Civil Appeals of Texas, Waco.

July 22, 1976.

Gerald W. Livingston, Bean, Francis, Ford & Wills, Dallas, for appellant.

James A. Tatem, Jr., Mesquite, for appellee.

HALL, Justice.

The appellee brought this suit for the balance allegedly due her from the appellant under the terms of a judgment rendered by the Circuit Court for Linn County, Oregon. The appellant responded with a general denial. The court below granted the appellee's motion for summary judgment and awarded her $34,391.93.

The judgment sued upon dissolved the marriage of the parties before us and, incorporating their property settlement agreement, awarded the appellee a recovery of $34,756.00 from the appellant. The judgment begins, "This matter having come on to be heard the 12th day of June, 1973"; and it ends, simply, "Dated this 13th day of June, 1973, and entered nunc pro tunc the 12th day of June, 1973."

Both parties were before the Oregon court when the case was heard on June 12, 1973; and the court's jurisdiction is not in question. However, the appellant contends the "nunc pro tunc" recitation in the Oregon judgment denotes the correction of another judgment. He argues that without some reason stated in the nunc pro tunc order for its entry it is invalid or that, at least, a fact question is raised as to whether another judgment is outstanding. We disagree.

In Texas, nunc pro tunc orders are properly used to correct clerical errors in judgments. When this is done, the nunc pro tunc judgment should show the reason for its entry. *Quintanilla v. Seagraves Ford, Inc.,* 522 S.W.2d 274, 277 (Tex.Civ. App.—Corpus Christi, 1975, no writ hist.). But they are also proper in two other instances. "The first is where the trial has been held and the case is ripe for judgment, but for some reason no judgment has been rendered. The court may render judgment nunc pro tunc as of the date it should have been rendered. The second is where a judgment has been rendered but was not entered on the minutes of the court. The court may order the judgment to be entered as of the date it was rendered." Reavley and Orr, *Judgments,* 25 Baylor Law Review 198 (1973); *Williams v. Wyrick,* 151 Tex. 40, 245 S.W.2d 961, 962; *Sigler v. Realty Bond & Mortgage Co.,* 135 Tex. 76, 138 S.W.2d 537, 541 (1940). The nunc pro tunc order in question appears on its face to fall squarely within the first instance. There is nothing in the record to show it does not. Presumably it was made on a similarly legal basis in Oregon and is valid. This presumed validity cannot be overthrown by another presumption. *Dowden v. Fischer,* 338 S.W.2d 534, 537 (Tex.Civ.App.—Waco 1960, no writ hist.). The appellant could have directly tested the propriety of the order in the Oregon courts. He may not do so collaterally, here. *Commonwealth of Massachusetts v. Davis,* 140 Tex. 398, 168 S.W.2d 216, 220 (1943).

The Oregon judgment was entitled to full faith and credit under the record. It supports the summary judgment.

The remaining complaint relates to an allowance of post-judgment interest on the Texas judgment. It does not show reversible error, and we need not discuss it.

The judgment is affirmed.