Jerrold **FERGUSON**, Appellant,

v.

Vickie **NAYLOR**, Appellee.

No. 07–93–0008–CV.

Court of Appeals of Texas, Amarillo.

April 30, 1993.

Order Denying Rehearing June 16, 1993.

Peterson, Farris, Doores & Jones, Marvin W. Jones, Amarillo, for appellant.

Nickum and Naylor, Richard C. Naylor, Amarillo, for appellee.

Before DODSON, BOYD and POFF, JJ.

BOYD, Justice.

Jerrold Ferguson[1] brings this appeal from a September 18, 1992 default judgment. In the appeal he contends that a prior default judgment, rendered July 10, 1992, when he had no answer on file was vacated, and the entry of the September 18, 1992 judgment was made in error because he had an answer on file at the time it was entered. Agreeing, we reverse the judgment and remand the matter to the trial court for a trial on its merits.

A chronology of the pleadings and proceedings in the trial court is necessary to our disposition.

**May 28, 1992:** Vickie Naylor brought suit against Ferguson and his employer, Frank John Welnetz, to recover for property, physical and punitive damages, alleging the defendants were grossly negligent in connection with an automobile accident wherein Ferguson was driving his employer's truck when he collided with Naylor's car in March of 1992.

**July 10, 1992:** A default judgment was rendered against Ferguson and Welnetz, jointly and severally for $12,638.24 in property and physical damages, and against Welnetz for $50,000 in punitive damages. The judgment recited that a hearing was held on the "9th day of July, 1992," and the defendants "having been duly and legally cited to appear and answer, failed to appear and answer, and wholly made default."

**August 7, 1992:** Attorneys hired by Welnetz's insurance carrier, acting on behalf of Ferguson and Welnetz, filed general denials to Naylor's May 28[2] allegations.

**August 7, 1992:** Ferguson and Welnetz filed a motion for new trial alleging entry of the default judgment was one day premature since the returns of service were filed on June 29, and the hearing was held on July 9 in contravention of Rule 107, which provides that a default judgment is not proper unless the return of service has been "on file with the clerk of the court ten days, exclusive of

---

1. The record reflects that Jerrold Ferguson died September 16, 1992, thus, this appeal should properly be brought on behalf of his estate. Although the propriety of representation is not properly before this court, and we do not reach the merits of the issue, our continued reference to Ferguson is nevertheless to his estate's interest.

2. Hereinafter, all dates refer to the year 1992, unless otherwise indicated.

the day of filing and the day of judgment." Tex.R.Civ.P. 107.[3] The filing of this motion extended the court's plenary power over the judgment. Tex.R.Civ.P. 329b(e).

**August 10, 1992:** Ferguson and Welnetz filed an amended motion for new trial alleging the default judgment was premature and their failure to answer was the result of an accident or mistake and not the result of conscious indifference, and they had meritorious defenses.

**August 24, 1992:** Naylor filed a motion to have the court enter a nunc pro tunc judgment to correct the clerical error in the July 10 judgment reciting the hearing was held on July 9, when in truth, as supported by the court reporter's records, it was held on July 10.

**September 16, 1992:** Ferguson died.

**September 16, 1992:** Naylor filed her response to the amended motion for new trial, alleging the returns of service were on file the requisite amount of time, and the defendants failed to set up any excuse for their failure to file an answer.

**September 18, 1992:** Welnetz dismissed the counsel hired by his insurance carrier. His new attorney proceeded on his behalf to have the motion for new trial dismissed and discontinued. No further action was taken by the trial court on the amended motion for new trial. Welnetz is not a party to this appeal.

**September 18, 1992:** A default judgment entitled, "Judgment Nunc Pro Tunc" was entered against Ferguson and Welnetz. As pertinent, the judgment recited:

A clerical mistake was made in the Judgment previously signed and entered in this cause on July 10, 1992. The matter came on for hearing before this Court on July 10, 1992, was heard by the Court, determined by the Court and entered in the minutes of this Court on July 10, 1992 rather than on July 9, 1992 as indicated therein. Accordingly, said Judgment is vacated and the Court orders as follows:

The remainder of the judgment was identical to the July 10 judgment, including recitations of the defendants' failure to answer.

**October 19, 1992:** With the insurance carrier's approval, but without apparent approval from Ferguson's estate, new attorneys were substituted to represent Ferguson's interests.

**October 19, 1992:** Ferguson filed a motion to vacate the September 18 judgment or alternatively for a new trial, alleging defects in the service of citation and Naylor's statement of his last known address, and that the second judgment vacated the first judgment and, therefore, the second judgment was entered in error since Ferguson had an answer on file at the time it was entered on September 18.

**October 26, 1992:** Naylor filed a motion to have the newly appointed attorneys show their authority to act on behalf of Ferguson's estate.

**November 6, 1992:** Naylor filed her response to Ferguson's motion to vacate the judgment or alternatively for a new trial, alleging Ferguson's allegations of defects in the service were immaterial and did not defeat the default judgment. She further alleged that clerical errors can be corrected at *any* time to bring the recitations of the judgment into conformity with the true reflections of the record, and that the correction made did not defeat the default judgment.

**November 6, 1992:** A hearing was held before the trial court at which time the parties agreed to postpone any hearing on the motion to show authority pending the outcome of the motion for new trial. The trial court denied Ferguson's motion asking the court to vacate the judgment or, alternatively, to grant a new trial. No further action was taken on the motion to show authority.

**December 16, 1992:** Ferguson perfected his appeal to this court.

■ In his two-point attack on the September 18 default judgment, Ferguson contends the trial court erred in denying his motion to vacate the judgment, or alternatively for a new trial, because the trial court

---

**3.** Hereinafter, all references to Rules are to Tex. R.Civ.P., *unless otherwise specified.*

vacated the July 10 judgment and, thus, erred in entering the September 18 default judgment at a time when he had an answer on file. The issue presented is what, if any, relation back in time does the September 18 judgment have to the July 10 judgment as support for the entry of a default judgment.

Naylor contends that the September 18 judgment relates back in all respects to the July 10 judgment because the trial court had an inherent power to correct the original judgment to bring its recitations into conformity with the record without having to grant Ferguson a new trial, despite the answer on file at the time the corrected judgment was entered. Thus, she maintains, the September 18 judgment corrected only that portion of the July 10 judgment not in conformity with the record. In so contending, Naylor relies heavily upon the holding of *Perry v. Nueces County*, 549 S.W.2d 239 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n.r.e.), that a nunc pro tunc judgment does not disturb the initial judgment determined by the trial court, it merely brings the court's records into conformity with truth and justice. *Id.* at 242.

We have no quarrel with this proposition, and agree that it is the right and duty of the court to ensure that its judgment conforms with the true state of the record. *Nevitt v. Wilson*, 116 Tex. 29, 285 S.W. 1079, 1083 (1926). Moreover, the power of the court to amend, correct, revise, supplement, open, or vacate his judgment is not deprived by the passage of time until the judgment becomes final. Tex.R.Civ.P. 329b(d); *Campbell v. Hart*, 256 S.W.2d 255, 257 (Tex.Civ.App.—Fort Worth 1953, writ ref'd n.r.e.).

■ We agree that a true nunc pro tunc correction of a clerical mistake will not defeat a default judgment and allow a defendant to allege an intervening answer. *Miller v. Trice*, 219 S.W. 229, 230 (Tex.Civ.App.—Dallas 1920, writ dism'd). However, in the present instance, the September 18 judgment was incorrectly denominated "Judgment Nunc Pro Tunc."

■ A true nunc pro tunc judgment is one correcting clerical errors executed *after* the trial court has lost plenary power. *Ortiz v.*

*O.J. Beck & Sons, Inc.*, 611 S.W.2d 860, 864 (Tex.Civ.App.—Corpus Christi 1980, no writ). Thus, the September 18 judgment was not a true judgment nunc pro tunc because it was granted while the trial court had plenary power to vacate, amend, or correct its judgment. Tex.R.Civ.P. 329b(e); *see also Mathes v. Kelton*, 569 S.W.2d 876, 878 (Tex.1978); *Go Leasing, Inc. v. Groos Nat. Bank*, 628 S.W.2d 143, 144 (Tex.App.—San Antonio 1982, no writ).

In contending that the judgment can be corrected at *any* time to bring it into conformity with the true state of the record, and that such is a nunc pro tunc judgment, Naylor relies on Rule 316:

Clerical mistakes in the record of any judgment may be corrected by the judge in open court according to the truth or justice of the case after notice of the motion therefor has been given to the parties interested in such judgment, as provided in Rule 21a, and thereafter the execution shall conform to the judgment as amended.

Naylor has overlooked the stated distinction made between Rule 329b and Rule 316. Rule 329b provides:

The following rules shall be applicable to motions for new trial and motions to modify, correct, or reform judgments (other than motions to correct the record under Rule 316)

\* \* \* \* \* \*

(d) The trial court, regardless of whether an appeal has been perfected, has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment within thirty days after the judgment is signed.

Tex.R.Civ.P. 329b.

Nunc pro tunc entries are proper only to correct clerical mistakes found after the judgment has become final. Tex.R.Civ.P. 316; *Ortiz v. O.J. Beck & Sons, Inc.*, 611 S.W.2d at 864. However, during the time it retains plenary power, the court can correct clerical and judicial mistakes as well as vacate or set aside the judgment. Tex.R.Civ.P. 329b; *Campbell v. Hart*, 256 S.W.2d at 257.

■ The powers enumerated in Rule 329b are inherent in the trial court and their use will not be disturbed on appeal absent a clear abuse. There is no contention of such abuse in the present matter. By its September 18 judgment, the trial court exercised its power and vacated the July 10 judgment as it was entitled to do under Rule 329b.

To determine the meaning and effect of the September 18 judgment, we must read the judgment as a whole, applying the same rules of interpretation in construing its meaning as in ascertaining the meaning of other written instruments. *Lone Star Cement Corporation v. Fair,* 467 S.W.2d 402, 404–05 (Tex.1971). In so doing, we must consider the entire contents of the judgment and the record. *Id.* at 405.

A threshold issue is what effect the trial court's recitation in the September 18 judgment that the July 10 "[j]udgment is vacated" had on the enforceability of the July 10 and September 18 judgments. "Vacate" has been defined as meaning:

> To annul; to set aside; to cancel or rescind. To render an act void; as, to vacate an entry of record, or a judgment. As applied to a judgment or decree it is not synonymous with "suspend" which means to stay enforcement of judgment or decree.

Black's Law Dictionary 1388 (5th ed. 1979).

Recently, the Texas Supreme Court determined that where a corrected order rescinded and withdrew a prior order, it amounted to something more than marking through a signing date and substituting another date on a final order and that the new judgment superseded all prior judgments. *Old Republic Ins. Co. v. Scott,* 846 S.W.2d 832, 833 n. 2 (Tex.1993).

Naylor contends that if we determine that the September 18 judgment was not a nunc pro tunc judgment, we are, in effect, determining that it was invalid and, thus, should follow the holdings of *Hamrah v. Hamrah,* 547 S.W.2d 308 (Tex.Civ.App.—Dallas 1977, writ ref'd n.r.e.), and cases of like ilk holding if a judgment nunc pro tunc is invalid, it must be reversed and vacated, leaving the original judgment in force. If that were true, under Tex.R.Civ.P. 5, he contends, the

appeal from that original judgment was not timely perfected and we must dismiss it for want of jurisdiction. We disagree.

The determination that the September 18 judgment was not a nunc pro tunc, as that term is defined, does not invalidate the judgment. Instead, since the July 10 judgment was expressly vacated by the terms of the later judgment, the September 18 judgment replaced the July 10 judgment in all respects.

■ It is well settled that there can be only one final appealable order. Tex. R.Civ.P. 301. As long as the trial court has plenary power, the judgment is not final. *Mesa Agro v. R.C. Dove & Sons,* 584 S.W.2d 506, 508 (Tex.Civ.App.—El Paso 1979, writ ref'd n.r.e.). Once a judgment has been vacated and reformed, it is superseded; the original judgment is effectively "dead," is not susceptible to appeal, and cannot become a final judgment from which an appeal can be taken. *State v. $2,000,000.00 In U.S. Currency,* 822 S.W.2d 721, 725 (Tex.App.—Houston [1st Dist.] 1991, no writ).

■ When a judgment has been rendered and later set aside or vacated, the matter stands precisely as if there had been no judgment. *Sawyer v. Donley County Hospital District,* 513 S.W.2d 106, 109 (Tex.Civ. App.—Amarillo 1974, no writ); *Stinnette v. Mauldin,* 251 S.W.2d 186, 220 (Tex.Civ. App.—Eastland 1952, writ ref'd n.r.e.); *Buttrill v. Occidental Life Ins. Co.,* 45 S.W.2d 636, 640 (Tex.Civ.App.—Dallas 1931, no writ). That the second judgment repeats the provisions of the former judgment is not a factor to be considered. *Sampson v. Scott,* 318 S.W.2d 22, 24 (Tex.Civ.App.—Fort Worth 1958, writ ref'd n.r.e.).

From the above discussion, it is clear that the recitation in the September 18 judgment vacating the July 10 judgment negated that earlier judgment. Thus, the only final decree in this matter is the September 18 judgment, which gave rise to his appeal.

Ferguson maintains we must look to the state of the record on September 18 to determine whether a default judgment could properly be rendered against him on that date. Because the court vacated the July 10 judg-

ment within the time it retained plenary power to do so, we agree.

The case of *Wilmer–Hutchins Indep. Sch. Dist. v. Blackwell,* 529 S.W.2d 575 (Tex.Civ. App.—Dallas 1975, writ dism'd) is instructive in this matter. The *Blackwell* court, based upon the consent of the parties, rendered judgment May 1, 1975, disposing of an election contest. On May 27, 1975, the school district and its board of trustees filed a motion for new trial along with a resolution withdrawing their consent to the judgment. On May 30, 1975, the trial court overruled the motion for new trial and signed an "amended" judgment identical to the original judgment except that in the new judgment, the costs were taxed differently. *Id.* at 576.

The questions presented in *Blackwell* were, "[d]id the judgment of May 30, which altered the judgment of May 1, as to costs, supersede the previous judgment for purposes of appeal?" and "[d]id the trial court err in rendering the amended judgment of May 30, based upon the previous consent judgment of May 1, when consent was withdrawn?" *Id.* The court answered both questions in the affirmative, determined that consent to support an agreed judgment must exist at the *very moment* the court undertakes to make the agreement of the parties the judgment of the court, and held it was error for the trial court to render the judgment of May 30 when it knew that consent was lacking at that time. *Id.* at 577 (emphasis in original).

■ Likewise, at the moment a default judgment is rendered, the court must determine whether the defendant has an answer on file. It is well established that a default judgment rendered when a defendant has an answer on file constitutes error. *Maldonado v. Puente,* 694 S.W.2d 86, 89 (Tex.App.—San Antonio 1985, no writ); *Otten v. Snowden,* 550 S.W.2d 758, 759 (Tex.Civ.App.—San Antonio 1977, no writ).

At the time of the September 18 judgment, the basis for the default judgment no longer existed because Ferguson indeed had an answer on file; thus, it was error for the court to render a default judgment against him. *Id.; accord Wilmer–Hutchins Indep. Sch. Dist. v. Blackwell,* 529 S.W.2d at 577; and

*Sawyer v. Donley County Hospital District,* 513 S.W.2d at 109.

This matter is distinguished from those cases holding that the entry of a default judgment deprives the defendant from filing an answer, *Buttrill v. Occidental Life Ins. Co.,* 45 S.W.2d at 640, and interposing a defense on the merits. *Miller v. Trice,* 219 S.W. at 230. This is so because in *Buttrill,* and those cases following its holding, the default judgments, while interlocutory, were not vacated. *Buttrill v. Occidental Life Ins. Co.,* 45 S.W.2d at 640; *see also* Tex.R.Civ.P. 240. In *Miller,* the defendants sought to file an answer after notice of the motion for entry of a true judgment nunc pro tunc, and the court held that the answer came too late to be considered because by that time the trial court had lost its plenary power. *Miller v. Trice,* 219 S.W. at 230.

Naylor contends that the trial court "inadvertently erred in the language it used to attempt to correct its record, and that such an 'oversight' should be disregarded since it was not calculated to operate to the prejudice of any of the parties." *C.E. Duke's Wrecker Service, Inc. v. Oakley,* 526 S.W.2d 228 (Tex. Civ.App.—Houston [1st Dist.] 1975, writ ref'd n.r.e.).

However, there is nothing in the record to support Naylor's contention that the trial court's choice to vacate the July 10 judgment was the result of inadvertence or mistake. Moreover, in contravention of Naylor's argument, choosing to vacate a default judgment prejudices the plaintiff in that she must now proceed to a trial on the merits. *Cf. id.* We cannot speculate as to the reason the trial court chose to vacate the prior judgment or that the action was anything other than a deliberate choice on the part of the judge evidenced by his signature.

Naylor also contends that because Ferguson was notified of the motion to correct the judgment, failed to point out at that time there was an answer on file, and failed to object to the entry of what he contends to assert was a nunc pro tunc judgment, he should be precluded from asserting any impropriety now.

However, for the reasons we have discussed above, since the September 18 judgment was not a nunc pro tunc judgment, the notice requirements for such an entry need not have been met. *Go Leasing, Inc. v. Groos Nat. Bank*, 628 S.W.2d at 144.

Thus, we hold that Ferguson is not precluded from asserting the September 18 default judgment was improper because (1) he had an answer on file at the time that judgment was rendered, and (2) given the time tables involved in the present matter, he timely sought to have the judgment set aside.

Our determination is not to be construed to imply that the trial court cannot correct a clerical mistake in a default judgment without affording the defendant a new trial. However, if the court, during its plenary power to do so, chooses to vacate or set aside the original judgment, and, at the time a new judgment is entered, the defendant has an answer on file, the entry of a second default judgment is improper. It must also be noted, however, that even if the court chooses not to expressly vacate the judgment but instead opts for interlineation or some other form of reformation which does not expressly vacate or set aside the original judgment, the time for appeal would nevertheless run from the date of the correction. *Old Republic Ins. Co. v. Scott*, 846 S.W.2d at 833.

We do not agree, as Naylor submits, that our determination of the issue presented takes away power from trial courts to correct clerical errors in default judgments or prohibits the entry of nunc pro tunc default judgments. To the contrary, our determination recognizes the inherent power of the trial court to vacate its judgments before they become final in the exercise of the plenary powers granted to the courts. Tex. R.Civ.P. 329b(d).

The trial court, within its inherent power to do so, vacated the July 10 judgment, making it of no effect. Thus, we must look to the state of the record on the date the second judgment was entered to determine the propriety of the entry of a default judgment. *Accord Wilmer–Hutchins Indep. Sch. Dist. v. Blackwell*, 529 S.W.2d at 577; and *Sawyer v. Donley County Hospital District*, 513 S.W.2d at 109. Since Ferguson had an answer on file August 7, the entry of a default judgment on September 18 was improper. *Accord Maldonado v. Puente*, 694 S.W.2d at 89.

Accordingly, the September 18 default judgment is reversed and the matter is remanded to the trial court for a trial on its merits. Tex.R.App.P. 81.

## ON MOTION FOR REHEARING

On motion for rehearing, Naylor contends that since the power inherent in the trial court to conform its record to speak the truth, and the powers granted by Rules 316 and 329b are similar in nature, the powers are concurrent and the litigants may choose, by the denomination of a corrected judgment, the effect to be given that judgment. We cannot agree. *Cf. Mathes v. Kelton*, 569 S.W.2d 876, 878 (Tex.1978) (although judgment was denominated as a judgment nunc pro tunc, the supreme court determined that it would not have been a proper nunc pro tunc judgment since the correction was judicial in nature and would gave been of no effect, but since the judgment was entered while the trial court retained plenary power, it was a valid judgment); *Alford v. Whaley*, 794 S.W.2d 920, 922 (Tex.App.—Houston [1st Dist.] 1990, not writ) (the denomination of the judgment as a nunc pro tunc did not limit the trial court's power to correct its judgment during its term of plenary power); and *Go Leasing, Inc. v. Groos Nat. Bank*, 628 S.W.2d 143, 144 (Tex.App.—San Antonio 1982, no writ) (if a judgment is modified while the trial court retains plenary power, although denominated as a nunc pro, the formalities and requisite notice associated with a judgment nunc pro tunc are not necessary).

A true nunc pro tunc judgment can only be used to correct the entry of a *final* written judgment that incorrectly states the judgment actually rendered. *Escobar v. Escobar*, 711 S.W.2d 230, 231–32 (Tex.1986). In determining the validity of the judgment, it is the substance and not the label or form that is controlling. *Mathes v. Kelton*, 569 S.W.2d at 878. We remain convinced that our original opinion is correct.

Naylor relies upon several cases in making the contention of concurrent powers, in particular, this court's original holding in *Mathes v. Kelton,* 565 S.W.2d 78 (Tex.Civ. App.—Amarillo 1977), *aff'd,* 569 S.W.2d 876 (Tex.1978) and the court's decision in *Alford v. Whaley, supra.*

In *Mathes,* as material here, the trial judge on December 3, 1976, had originally awarded possession of a diamond ring to Mathes. On December 13, 1976, without vacating its prior judgment, the trial judge execured a second judgment awarding possession of the ring to Kelton. On December 14, Kelton filed a motion asking the trial judge to correct the December 3 judgment on the basis that the award of the ring to Mathes was a mistake. After notice and hearing, the trial judge signed a corrected judgment stating the December 3, 1976 judgment was not correct because it "inadvertently awarded possession of the diamond ring to plaintiff (Mathes)." In the course of this court's discussion, we recognized the distinction between the power of a court during the time it continues to have plenary power over the judgment and when that time has expired and the court may only enter a nunc pro tunc judgment. This court held the plenary time had expired; thus, the power of the trial court was limited to the correction of clerical errors. However, this court concluded what the trial court did was merely correct a clerical error which was within its nunc pro tunc power, and affirmed the judgment. *Id.* at 80. However, the supreme court, en route to affirming the judgments of the lower courts, determined that because the error intended to be corrected by the trial court was judicial, it could not be corrected by a nunc pro tunc judgment, but this court was in error in determining the judgment was a nunc pro tunc since it was entered while the trial court retained plenary power. That being true, it concluded, the trial court still had the right to correct the judicial error. *Mathes v. Kelton,* 569 S.W.2d at 878. Both courts recognized the distinction between a judgment nunc pro tunc and a judgment executed during a plenary period.

Likewise, in the *Alford* case, the appellate court, while noting the correction made by the trial court in its order denominated as a "nunc pro tunc" judgment was judicial rather than clerical, held the judgment in question was not a nunc pro tunc because it was executed within the trial court's plenary control period. That being true, the trial court still had the right to correct judicial errors. Again, the court recognized the distinction between the two types of judgments. *Alford v. Whaley,* 794 S.W.2d at 922. Moreover, as stated in our original opinion, by its terms, Rule 329b makes its operation mutually exclusive of the operation of Rule 316. *Cavalier Corp. v. Store Enterprises,* 742 S.W.2d 785, 787 (Tex.App.—Dallas 1987, writ denied).

We did not, as Naylor contends, determine the September 18, 1992 judgment was void because the court did not have power to correct its judgment. We determined the validity of the judgment based upon its own stated terms, wherein it expressly "vacated" the original judgment, and thereby entered a new judgment on September 18. Since there can be only one judgment, Tex.R.Civ.P. 301, and the September 18 judgment stated it vacated the original judgment and served as the corrected judgment, we took its recitations to be true.

This determination being made, we looked to the record to determine whether a default judgment was proper on September 18, 1992. The defendants having filed answers on August 7, 1992, a default judgment entered on September 18, 1992, was improper. *Maldonado v. Puente,* 694 S.W.2d 86, 89 (Tex. App.—San Antonio 1985, no writ).

In further support of our proposition that the denomination given a judgment by the parties does not change the effect of a judgment is the long line of cases holding that where a second judgment has been signed within the time the trial court retained plenary power, the court may change only the signatory date and the appellate time table commences from the date of the second judgment, regardless of its denomination; however, if the second judgment is signed after the trial court loses plenary power (a true nunc pro tunc entry), and the only change is the signatory date, the second judgment has no effect and the appellate time table runs from

the date of the original judgment. Tex. R.Civ.P. 386 and 387; and *Holder v. Holder*, 808 S.W.2d 197, 198 (Tex.App.—El Paso 1991, no writ); *Hamrah v. Hamrah*, 547 S.W.2d 308 (Tex.Civ.App.—Dallas 1977, writ ref'd n.r.e.).

In contending that we were in error in stating that a true nunc pro tunc judgment may only be entered after the court's plenary powers under Rule 329b have expired, Naylor relies upon the court's decision in *Hatfield v. Christoph*, 539 S.W.2d 396 (Tex.Civ. App.—Waco 1976, no writ). In that case, the court recognized the general rule that nunc pro tunc judgments may only be used to correct clerical errors in judgments. However, it noted there were two instances, other than the clerical correction of a final judgment, where a nunc pro tunc entry is proper. First, where the trial has been held and the case is ripe for judgment but for some reason no judgment has been rendered, the court may render judgment nunc pro tunc as of the date it should have been rendered. Second, where a judgment has been rendered but was not entered on the minutes of the court, the court may order the judgment to be entered as of the date it was rendered. *Id.* at 397.

Parenthetically, we observe that neither of the situations described apply to the present matter. In neither situation has a judgment actually been entered as is the case here. No judgment having been entered, the dichotomy after entry of a judgment explicated by Rules 316 and 329b discussed by us in our original opinion has not arisen.

Naylor next contends that in our original opinion we held that it is. error for a trial court to expressly vacate a prior judgment that it is correcting. That is not a correct reading of our opinion. Indeed, we expressly recognized the power of the trial court to do so if it so desired.

To clarify, we determined that because the trial court in fact expressly exercised its power to vacate the July 10, 1992 judgment, that judgment no longer existed, and had no force or effect. The supreme court has determined that when a trial court sets aside its original determination, there is no longer a final judgment from which an appeal can be taken. *Old Republic Ins. Co. v. Scott*, 846 S.W.2d 832, 833 (Tex.1993).[1] When, as was its right, the trial court chose to vacate the entire judgment, it was necessary for us to determine what effect the recitations of the September 18 judgment had.

Contending that by its September 18 judgment, the trial court only intended to vacate that portion of the July 10 judgment relating to the incorrect date, Naylor suggests that we have authority under Texas Rule of Appellate Procedure 80 to render the judgment which he contends the trial court should have entered. We disagree. Our authority under the rule is to modify a judgment to correct a clerical mistake. *Baker v. Charles*, 746 S.W.2d 854, 856 (Tex.App.—Corpus Christi 1988, no writ). The action requested by Naylor would be much more than the correction of a clerical mistake and is beyond the power granted us by the rule. *Id.* We cannot second guess and ignore the trial court's express ruling in the September 18 judgment that the July 10 judgment was vacated.

Based upon Texas Rule of Appellate Procedure 9, Naylor also contends this appeal should have been dismissed for lack of jurisdiction since the appeal was not timely perfected. We disagree. This appeal was perfected from the September 18 judgment, the only final judgment in the case, on December 16, 1992. That being true, it was timely perfected. Tex.R.App.P. 41(a). Accordingly, this court has jurisdiction over the appeal.

We remain convinced our disposition of the appeal is correct. Naylor's motion for rehearing is overruled.

---

1. Contrary to Naylor's argument, there was no issue regarding an answer being on file at the time of the entry of the corrected judgment in *Old Republic Insurance, supra.*