In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No.
06-11-00028-CV

                                                ______________________________

 

 

 

                                                                        IN
RE:

KERRI
SUE CULVER

 

 

                                                                                                  


 

                                                                                                                            


                                                     Original
Mandamus Proceeding

 

                                                                                                  


 

 

 

 

                                          Before
Morriss, C.J., Carter and Moseley, JJ.

                                        Memorandum
Opinion by Chief Justice Morriss

                                                                              

                                                                              








                                                      MEMORANDUM
OPINION

 

            The most recent version of the
protective order against Kerri Sue Culver was issued October 28, 2010, by the
402nd Judicial District Court in Wood County and was titled a “Nunc Pro Tunc
Protective Order.”  It found that Kerri
committed family violence against her husband, Billy Ray Culver, and ordered
Kerri to refrain from eight different actions, selected by checking boxes in
the preprinted form.  Two earlier
versions of the protective order were dated September 28, 2010 (the original
protective order), and September 29, 2010 (also titled “Nunc Pro Tunc Protective
Order”).[1]  By her petition for writ of mandamus, Kerri
challenges both so-called “nunc pro tunc” protective orders.  Because the two challenged orders are not
void, but were issued while the trial court retained plenary power to modify
the original order, and because Kerri has a remedy by appeal, we deny her
petition for writ of mandamus.

            Mandamus is an extraordinary remedy
that issues only to correct a clear abuse of discretion or violation of a duty
imposed by law when no other adequate remedy by law is available.  State
v. Walker, 679 S.W.2d 484, 485 (Tex. 1984) (orig. proceeding).  Due to the nature of this remedy, it is Kerri’s
burden to properly request and show entitlement to the mandamus relief.  Barnes
v. State, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig.
proceeding) (“Even a pro se applicant for a writ of mandamus must show himself
entitled to the extraordinary relief he seeks.”).

            Kerri asserts that the trial court
made substantive changes in the form of a judgment nunc pro tunc without notice
and a hearing.  Due to this alleged lack
of due process, Kerri argues that the judgments are void.  She argues that, because the judgments nunc
pro tunc are void, “the relator need not show it did not have an adequate
appellate remedy, and mandamus relief is appropriate.”  See In re Sw. Bell Tele. Co., 35 S.W.3d 602,
605 (Tex. 2000) (orig. proceeding). 
Kerri’s petition for writ of mandamus is based on a mistaken premise.[2]

            A true nunc pro tunc judgment is one
correcting clerical errors after the trial court has lost plenary power.  Ferguson
v. Naylor, 860 S.W.2d 123, 128–29 (Tex. App.—Amarillo 1993, writ denied)
(citing Ortiz v. O.J. Beck & Sons, Inc., 611 S.W.2d 860, 864 (Tex.
App.—Corpus Christi 1980, no writ)). 
Although the trial court titled its two later judgments “nunc pro tunc”
protective orders, they were modified judgments.  See
Owens v. Owens, No. 06-08-00040-CV,
2008 WL 2795867, at *1 (Tex. App.—Texarkana July 18, 2008, no pet.) (mem.
op.).  When the trial court entered its
September 28, 2010, judgment, it retained plenary power to vacate, set aside,
modify, or amend the judgment for thirty days after the date of its
rendition.  Tex. R. Civ. P. 329b(d). 
Also, a motion for new trial was filed October 1, 2010, and was
overruled by operation of law.  Thus, the
court’s September 29, 2010, and October 28, 2010, judgments were entered while
the court retained plenary power.  Tex. R. Civ. P. 329b(e).  If a trial court signs a corrected judgment
while it still has plenary power, it is a modified judgment, not a judgment nunc
pro tunc, regardless of the document’s label as a judgment nunc pro tunc.  Mathes
v. Kelton, 569 S.W.2d 876, 878 (Tex. 1978); Ferguson, 860 S.W.2d at 128–29.

            Because the October 28, 2010,
modified judgment replaces the prior judgments, we conclude that Kerri’s
complaints from this judgment can be adequately addressed in her direct appeal
currently pending.[3]  Owens,
2008 WL 2795867, at *1.  Accordingly, we
deny Kerri’s petition for writ of mandamus.

 

                                                                                    Josh
R. Morriss, III

                                                                                    Chief Justice

 

Date
Submitted:          March 28, 2011

Date
Decided:             March 29, 2011

 











[1]In
each version of the protective order, Kerri was ordered to refrain from taking
any action designated in the order by a check mark, followed by a list of
potential orders designed to restrict Kerri from harassing, threatening, and
stalking Billy and two named adult family members.  To the right of each prohibited act was a box,
which the trial court was to check.  The
boxes were left unchecked in the September 28, 2010, judgment.  The trial court entered two subsequent
judgments, the first September 29, 2010, and the other October 28, 2010, each
of which was titled a “nunc pro tunc” order and contained certain checked boxes
forbidding certain actions by Kerri.  





[2]Kerri’s
petition also reveals two other mistaken premises.  Kerri complains that the trial court’s first
judgment nunc pro tunc fails to contain the judge’s signature.  Our review of the record demonstrates this
argument is without merit.  Kerri also
complains that the trial judge had no authority to sign the second judgment
nunc pro tunc without resolution of her motion seeking to recuse the trial
court.  Again, review of the record
demonstrates Kerri’s motion seeking recusal of Judge G. Timothy Boswell was
properly denied by Judge John Ovard, the regional presiding judge of the
First Administrative Judicial Region of Texas. 






[3]Kerri
has already filed an appeal with this Court, cause number 06-10-00112-CV.  The appeal is pending, and no briefs have yet
been filed.








e
both testified the leash they brought over belonged to Lucy.  Keahey said it would be a bad idea to take
the leash of an unfamiliar dog.  

            Viewing
the evidence in a light most favorable to the Ruttys, we conclude that more
than a scintilla of evidence existed to support a rational jury’s decision that
Keahey was negligent.  According to
Keahey’s testimony, he believed Lucky was an aggressive dog that would bite.[4]  Nevertheless, instead of calling the Ruttys,
he attempted to guide both dogs back to their yard.  Keahey’s description of the leash he was
holding matched the description of Lucky’s leash, not Lucy’s.  The jury heard Keahey testify that a
reasonably prudent person would not handle the leash of an unfamiliar dog.  Warren testified Keahey “might have gotten
tangled up in the leash and was trying to get it off of the dog, because he was
tangled up in the leash.”  We find the
evidence legally sufficient to support the judgment.  

            We
now review Keahey’s challenge to the factual sufficiency of the evidence.  Keahey told the jury he knew Lucky was
aggressive.  Even believing his testimony
that he was holding Lucy’s leash, the jury could have decided Keahey was
negligent in failing to call Elisa to remove the dogs from his driveway.  By attempting to guide an aggressive dog, the
jury could have found Keahey negligent in taking the matter into his own
hands.  Given Keahey’s own testimony, we
cannot say that the jury’s finding was so against the great weight and
preponderance of the evidence that it was clearly wrong and unjust.  Francis,
46 S.W.3d at 242.  We find the evidence
factually sufficient to support the judgment. 


            Because
we find the evidence both legally and factually sufficient to support the
jury’s finding of contributory negligence, we overrule Keahey’s points of
error.  

III.       Conclusion


            We
affirm the trial court’s judgment. 

 

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date Submitted:          April 20, 2011

Date Decided:             April 21, 2011

 











[1]Originally
appealed to the Twelfth Court of Appeals, this case was transferred to this
Court by the Texas Supreme Court pursuant to its docket equalization
efforts.  See Tex. Gov’t Code Ann. § 73.001
(Vernon 2005).  We are unaware of any
conflict between precedent of the Twelfth Court of Appeals and that of this
Court on any relevant issue.  See Tex. R. App. P. 41.3.

 





[2]The
main arguments in Keahey’s brief complain of the submission of the contributory
negligence question to the jury.  Because
there was no objection to the court’s charge, we decline to address this
issue.  See Tex. R. App. P. 33.1. 





[3]The
seventy-five-year old Keahey had issues with vision.  

 





[4]This
assertion was hotly contested, as the Ruttys testified the dog was not
aggressive and would not bite.