

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

———————————————

No. 06-11-00028-CV

———————————————

IN RE:
KERRI SUE CULVER

Original Mandamus Proceeding

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

The most recent version of the protective order against Kerri Sue Culver was issued October 28, 2010, by the 402nd Judicial District Court in Wood County and was titled a "Nunc Pro Tunc Protective Order." It found that Kerri committed family violence against her husband, Billy Ray Culver, and ordered Kerri to refrain from eight different actions, selected by checking boxes in the preprinted form. Two earlier versions of the protective order were dated September 28, 2010 (the original protective order), and September 29, 2010 (also titled "Nunc Pro Tunc Protective Order").[1] By her petition for writ of mandamus, Kerri challenges both so-called "nunc pro tunc" protective orders. Because the two challenged orders are not void, but were issued while the trial court retained plenary power to modify the original order, and because Kerri has a remedy by appeal, we deny her petition for writ of mandamus.

Mandamus is an extraordinary remedy that issues only to correct a clear abuse of discretion or violation of a duty imposed by law when no other adequate remedy by law is available. *State v. Walker*, 679 S.W.2d 484, 485 (Tex. 1984) (orig. proceeding). Due to the nature of this remedy, it is Kerri's burden to properly request and show entitlement to the mandamus relief. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro

---

[1] In each version of the protective order, Kerri was ordered to refrain from taking any action designated in the order by a check mark, followed by a list of potential orders designed to restrict Kerri from harassing, threatening, and stalking Billy and two named adult family members. To the right of each prohibited act was a box, which the trial court was to check. The boxes were left unchecked in the September 28, 2010, judgment. The trial court entered two subsequent judgments, the first September 29, 2010, and the other October 28, 2010, each of which was titled a "nunc pro tunc" order and contained certain checked boxes forbidding certain actions by Kerri.

2

se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks.").

Kerri asserts that the trial court made substantive changes in the form of a judgment nunc pro tunc without notice and a hearing. Due to this alleged lack of due process, Kerri argues that the judgments are void. She argues that, because the judgments nunc pro tunc are void, "the relator need not show it did not have an adequate appellate remedy, and mandamus relief is appropriate." *See In re Sw. Bell Tele. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding). Kerri's petition for writ of mandamus is based on a mistaken premise.[2]

A true nunc pro tunc judgment is one correcting clerical errors after the trial court has lost plenary power. *Ferguson v. Naylor*, 860 S.W.2d 123, 128–29 (Tex. App.—Amarillo 1993, writ denied) (citing *Ortiz v. O.J. Beck & Sons*, *Inc.*, 611 S.W.2d 860, 864 (Tex. App.—Corpus Christi 1980, no writ)). Although the trial court titled its two later judgments "nunc pro tunc" protective orders, they were modified judgments. *See Owens v. Owens*, No. 06-08-00040-CV, 2008 WL 2795867, at *1 (Tex. App.—Texarkana July 18, 2008, no pet.) (mem. op.). When the trial court entered its September 28, 2010, judgment, it retained plenary power to vacate, set aside, modify, or amend the judgment for thirty days after the date of its rendition. TEX. R. CIV. P.

---

[2]Kerri's petition also reveals two other mistaken premises. Kerri complains that the trial court's first judgment nunc pro tunc fails to contain the judge's signature. Our review of the record demonstrates this argument is without merit. Kerri also complains that the trial judge had no authority to sign the second judgment nunc pro tunc without resolution of her motion seeking to recuse the trial court. Again, review of the record demonstrates Kerri's motion seeking recusal of Judge G. Timothy Boswell was properly denied by Judge John Ovard, the regional presiding judge of the First Administrative Judicial Region of Texas.

3

329b(d).  Also, a motion for new trial was filed October 1, 2010, and was overruled by operation of law.  Thus, the court's September 29, 2010, and October 28, 2010, judgments were entered while the court retained plenary power.  TEX. R. CIV. P. 329b(e).  If a trial court signs a corrected judgment while it still has plenary power, it is a modified judgment, not a judgment nunc pro tunc, regardless of the document's label as a judgment nunc pro tunc.  *Mathes v. Kelton*, 569 S.W.2d 876, 878 (Tex. 1978); *Ferguson*, 860 S.W.2d at 128–29.

Because the October 28, 2010, modified judgment replaces the prior judgments, we conclude that Kerri's complaints from this judgment can be adequately addressed in her direct appeal currently pending.[3]  *Owens*, 2008 WL 2795867, at *1.  Accordingly, we deny Kerri's petition for writ of mandamus.

Josh R. Morriss, III<br>
Chief Justice

Date Submitted:     March 28, 2011
Date Decided:       March 29, 2011

---

[3]Kerri has already filed an appeal with this Court, cause number 06-10-00112-CV.  The appeal is pending, and no briefs have yet been filed.