

IN THE
TENTH COURT OF APPEALS

No. 10-12-00003-CV
No. 10-12-00201-CV

IN THE MATTER OF J.R., A JUVENILE,

From the 74th District Court
McLennan County, Texas
Trial Court No. 2011-272-J

MEMORANDUM OPINION

In appellate cause number 10-12-00003-CV, appellant, J.R., challenges the trial court's "Dispositional Order of Commitment to the Texas Youth Commission" signed on December 5, 2011, arguing that the trial court's written order does not comport with its oral pronouncement that he register as a sex offender. Appellant also challenges the validity of his waiver of his right to appeal. As explained herein, we grant the State's motion to dismiss and appellant's motion to transfer the record.

## I. BACKGROUND

The State alleged in its amended petition that J.R. engaged in delinquent conduct by committing four offenses: (1) indecent exposure; (2) burglary of a habitation; (3)

attempted sexual assault; and (4) sexual assault.  Before the adjudication portion of the proceeding, appellant, his mother, and his attorney signed a "Court's Admonition of Statutory and Constitutional Rights and Juvenile's Acknowledgement," which included information about potential dispositions and several waivers.  Among the waivers contained in this document was the right to appeal.

At the beginning of the December 5, 2011 adjudication hearing, the trial court confirmed that appellant understood the rights that he was waiving and that he waived those rights voluntarily.  The trial court also provided several admonishments, including potential dispositions that could apply in this case—namely, probation at home, probation with placement outside the home, and confinement at the Texas Youth Commission ("TYC") for an indeterminate sentence.  The trial court also informed appellant that he could be required to register as a sex offender.  Appellant acknowledged that he discussed all of these matters with his trial counsel and that he did not have any questions regarding his rights.

Appellant, his mother, and appellant's attorney also signed a written stipulation in which appellant stipulated to the first three allegations contained in the State's amended petition.  The trial court discussed the stipulation with appellant and subsequently admitted the stipulation into evidence.  Thereafter, the trial court concluded that appellant had engaged in delinquent conduct based on the signed stipulation.

During the disposition phase, the State offered several reports and a social history on appellant.  The trial court learned that appellant had a previous juvenile

adjudication for which he had received felony probation. Appellant and his parents testified at the hearing, and appellant requested that he be granted probation, placed in an inpatient-sex-offender-treatment program, and excused from the sex-offender-registration requirement.

At the conclusion of the hearing, the trial court committed appellant to TYC for an indeterminate period. In addition, the trial judge, in open court, ordered that appellant register as a sex offender. However, contrary to the trial judge's statements in open court, the December 5, 2011 disposition order deferred the registration requirement pending the successful completion of a sex-offender-treatment program at TYC.

Appellant subsequently filed a motion for new trial, which was denied. He then filed his notice of appeal in appellate cause number 10-12-00003-CV. After appellant filed his notice of appeal, the State, on May 8, 2012, filed a "Motion for Dispositional Order of Commitment to the Texas Youth Commission Nunc Pro Tunc" in the trial court. In this motion, the State requested that the trial court modify its December 5, 2011 dispositional order to reflect the statement it made in open court—that appellant is required to register as a sex offender. On the same day, the trial court granted the State's nunc pro tunc motion and reformed the December 5, 2011 dispositional order to reflect that appellant is required to register as a sex offender.

On May 23, 2012, the State filed a motion to dismiss appellant's appeal in appellate cause number 10-12-00003-CV, asserting that appellant's complaint about the discrepancy between the oral and written pronouncements regarding his registration as

a sex offender was moot in light of the trial court's judgment nunc pro tunc. The State also argued that appellant's first issue is a procedural ground that is also moot.

In the meantime, appellant filed a second appeal—appellate cause number 10-12-00201-CV—in which he appeals from the trial court's judgment nunc pro tunc. Appellant also filed a response to the State's motion to dismiss, contending that Texas Rule of Civil Procedure 329b(h) requires his issue pertaining to the validity of his waiver of his right to appeal be determined "in an appeal from the original judgment"; thus, his appeal in appellate cause number 10-12-00003-CV should not be dismissed. *See* TEX. R. CIV. P. 329b(h). We must now analyze the State's motion to dismiss.

## II. ANALYSIS

A review of appellant's brief in appellate cause number 10-12-00003-CV shows that he wishes to challenge the portion of the trial court's December 5, 2011 dispositional order pertaining to his deferred registration as a sex offender. However, since appellant filed his notice of appeal in appellate cause number 10-12-00003-CV, the trial court corrected the error about which appellant complained via a judgment nunc pro tunc. In appellate cause number 10-12-00201-CV, appellant indicated that he wishes to appeal from the trial court's judgment nunc pro tunc.[1] Nevertheless, in responding to the State's motion to dismiss, appellant argues that Rule 329b(h) requires us to deny the State's motion because his appellate-waiver issue remains and cannot be raised in appellate cause number 10-12-00201-CV. *See id.* Despite the lack of case law addressing this precise issue, we disagree with appellant's application of Rule 329b(h).

---

[1] Appellant has not filed his brief in appellate cause number 10-12-00201-CV.

Texas Rule of Civil Procedure 329b(h) provides that:

> If a judgment is modified, corrected or reformed in any respect, the time for appeal shall run from the time the modified, corrected, or reformed judgment is signed, *but if a correction is made pursuant to Rule 316 after expiration of the period of plenary power provided by this rule, no complaint shall be heard on appeal that could have been presented in an appeal from the original judgment.*

*Id.* (emphasis added). And, Texas Rule of Civil Procedure 329b(d) states that the trial court, regardless of whether an appeal has been perfected, has plenary power to "vacate, modify, correct, or reform the judgment within thirty days after the judgment is signed." *Id.* at R. 329b(d). In this case, the trial court signed the dispositional order on December 5, 2011, yet it entered its judgment nunc pro tunc on May 8, 2012, which is more than thirty days from the signing of the dispositional order.

A judgment nunc pro tunc corrects clerical errors after the trial court has lost plenary power.[2] *Ferguson v. Naylor*, 860 S.W.2d 123, 126 (Tex. App.—Amarillo 1993, writ denied). Texas courts have held that changes or modifications to the judgment may be made via a judgment nunc pro tunc pursuant to both Texas Rules of Civil Procedure 316 and 329b(f). *See id.* at R. 316, 329b(f) (providing that, among other things, "the court may at any time correct a clerical error in the record of a judgment and render a judgment nunc pro tunc under Rule 316"); *Gutierrez v. Gutierrez*, 86 S.W.3d 721,

---

[2] A judgment nunc pro tunc may be issued after a trial court's plenary power expires to "correct a clerical error" in a judgment or order. *See* TEX. R. CIV. P. 316, 329b(f). To be clerical in nature, the error must be one that is not the result of judicial reasoning, evidence, or determination. *See Andrews v. Koch*, 702 S.W.2d 584, 585 (Tex. 1986); *Barton v. Gillespie*, 178 S.W.3d 121, 126 (Tex. App.—Houston [1st Dist.] 2005, no pet.). Conversely, a judicial error arises from a mistake of law or fact that requires judicial reasoning to correct. *Barton*, 178 S.W.3d at 126. Essentially, a clerical error occurs in entering a final judgment, while a judicial error is made in rendering a final judgment. *Id.*; *see Escobar v. Escobar*, 711 S.W.2d 230, 231 (Tex. 1986). Here, the parties agree that the error is clerical in nature, not judicial.

726 (Tex. App.—El Paso 2002, no pet.); *Jenkins v. Jenkins*, 16 S.W.3d 473, 482 (Tex. App.—El Paso 2000, no pet.); *see also Pletcher v. Hansen*, Nos. 01-09-00516-CV, 01-10-00845-CV, 2011 Tex. App. LEXIS 3187, at *20 (Tex. App.—Houston [1st Dist.] Apr. 28, 2011, no pet.) (mem. op.). Specifically, Texas Rule of Civil Procedure 316, entitled "Correction of Clerical Mistakes in Judgment Record," provides that:

> Clerical mistakes in the record of any judgment may be corrected by the judge in open court according to the truth or justice of the case after notice of the motion therefor has been given to the parties interested in such judgment, as provided in Rule 21a, and thereafter the execution shall conform to the judgment as amended.

TEX. R. CIV. P. 316. It is clear to us that the trial court's judgment nunc pro tunc served to correct a clerical error pursuant to Rules 316 and 329b(f). *See id.* at R. 316, 329b(f). Moreover, because the trial court's judgment nunc pro tunc was entered pursuant to, among other things, Rule 316, we conclude that the judgment nunc pro tunc is within the purview of Rule 329b(h). *See id.* at R. 316, 329b(h).

As stated earlier, Rule 329b(h) states that, for modifications to a judgment made pursuant to Rule 316, "no complaint shall be heard on appeal that could have been presented in an appeal from the original judgment." *See id.* at R. 316, 329b(h); *see also Pruet v. Coastal States Trading, Inc.*, 715 S.W.2d 702, 704 (Tex. App.—Houston [1st Dist.] 1986, no writ) (noting the general proposition that the court of appeals has no authority to hear any complaint that could have been presented in an appeal from the original judgment).

Based on our reading of the rule, we conclude that Rule 329b(h) operates to prevent appellant from raising a *new argument* in appellate cause number 10-12-00201-CV—the appeal pertaining to the trial court's judgment nunc pro tunc—that could have and should have been raised in appellate cause number 10-12-00003-CV—the appeal pertaining to the trial court's original dispositional order. *See* Tex. R. Civ. P. 329b(h); *see also id.* at R. 1 (stating that the Texas Rules of Civil Procedure should be interpreted liberally to "obtain a just, fair, equitable and impartial adjudication of the rights of litigants under established principles of substantive law"); *Approximately $14,980.00 v. State*, 261 S.W.3d 182, 187 (Tex. App.—Houston [14th Dist.] 2008, no pet.) ("When the language in a rule is specific and its meaning is clear, the rule is entitled to a literal interpretation, unless it would lead to absurdities and defeat the intent of the enacting body.") (citing *Owens-Illinois, Inc. v. Chatham*, 899 S.W.2d 722, 733 (Tex. App.—Houston [14th Dist.] 1995, writ dism'd)). Nothing in Rule 329b(h) prevents appellant from raising an issue he originally raised in appellate cause number 10-12-00003-CV in his new appeal in appellate cause number 10-12-00201-CV. *See* Tex. R. Civ. P. 329b(h).

We recognize that appellant has raised his issue about the validity of his waiver of his appellate rights in appellate cause number 10-12-00003-CV. However, within the scope of appellate cause number 10-12-00003-CV, we agree with the State's argument that appellant's waiver argument is moot because the trial court addressed appellant's complaint regarding his registration as a sex offender in its judgment nunc pro tunc. In the docketing statement for appellate cause number 10-12-00201-CV, appellant indicates that he wishes to challenge the trial court's judgment nunc pro tunc. Essentially, the

scope of appellant's complaints has changed from an appeal of the trial court's dispositional order—appellate cause number 10-12-00003-CV—to an appeal of the trial court's modifications of the dispositional order—appellate cause number 10-12-00201-CV. While the dispositional order and the judgment nunc pro tunc are related, we think it is a better practice for appellant to once again raise his appellate waiver issue in his appeal pertaining to the trial court's judgment nunc pro tunc, especially considering he has already raised this issue "in an appeal from the original judgment." *See* TEX. R. CIV. P. 329b(h). As such, we find appellant's appeal in appellate cause number 10-12-00003-CV to be moot. *See Allstate Ins. Co. v. Hallman*, 159 S.W.3d 640, 642 (Tex. 2005) ("A case becomes moot if a controversy ceases to exists or the parties lack a legally cognizable interest in the outcome."). Accordingly, we grant the State's motion to dismiss appellate cause number 10-12-00003-CV, and it is hereby dismissed.

Yet, our analysis of this matter does not end here. On June 19, 2012, appellant filed an unopposed motion to transfer the record in appellate cause number 10-12-00003-CV to appellate cause number 10-12-00201-CV. Because of our disposition regarding the State's motion to dismiss, we grant appellant's motion to transfer the record in appellate cause number 10-12-00003-CV to appellate cause number 10-12-00201-CV. The Clerk is directed to transfer all documents, including the clerk's record, reporter's record, correspondence, motions, briefs, rulings, orders, and opinions in the file for appellate cause number 10-12-00003-CV to the file for appellate cause number 10-12-00201-CV.

PER CURIAM

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
        (Chief Justice Gray concurring with a note)*
Motion to Dismiss Granted, Appeal Dismissed; Motion To Transfer Record Granted
Opinion delivered and filed August 16, 2012
[CV06]

*(Chief Justice Gray concurs in the dismissal.  A separate opinion will not issue.  He notes, however, that because the judgment nunc pro tunc signed by the trial court is well beyond the trial court's plenary power, that TRCP 329b(h) has nothing to do with the issues in this dismissal.  Therefore, contrary to the statements in the opinion, the appellant could not raise in the second appeal any issue that he could or should have raised in the first appeal.  Further, whether the trial court could properly render a judgment nunc pro tunc on the issue presented, deferral of the sex offender registration requirement for the juvenile, may well be a decision of the merits of the issue.  If this issue is determined by the criminal rules, it may be merely a clerical error that can be corrected by such a procedure; but that is not at all clear if this issue is decided under the civil rules applicable to a determination of whether it is a clerical or judicial error since the trial court could have changed his mind before he signed the first judgment.  Further, under a strict interpretation of the rules of appellate procedure, the second proceeding should have been assigned the same docket number as the first and all the issues would be taken up within that one proceeding.  TRAP 12.2(c) ("All notices of appeal filed in the same case must be given the same docket number.").  But this rule is uniformly not applied when there are mandamus proceedings, interlocutory appeals, and multiple judgments as in these appeals.  The easiest way to avoid all of the issues in this proceeding is to simply combine these appeals and dispose of them in one final opinion.  But all of the foregoing is really a mere distraction because the first appeal should be dismissed because it did not present a case or controversy.  The judgment contained the very relief the appellant wanted.  I understand why the appeal was filed: the appellant feared the prosecutor would do precisely what he did, file a motion nunc pro tunc, and that the trial court might do exactly what he did, sign the order on the same date it was filed, and apparently without notice and opportunity to be heard by the appellant.  With the prospect for that type "correction" it may have been a good strategy to try to keep it from happening by having the issue addressed in an appeal.  The problem is that as long as the signed order had the very language in it that appellant wanted, there was no controversy the appeal could resolve on behalf of the appellant.  Thus, the proper disposition of the first appeal is dismissal.  That is the judgment of the Court, albeit on an entirely different ground, and accordingly I respectfully concur in the Court's judgment.)