

# IN THE
# TENTH COURT OF APPEALS

_____

### No. 10-12-00212-CV

_____

**ARJANA MUHAMETAJ
AND RIFAT MUHAMETAJ,**

                                                        **Appellants**

 **v.**

**LARRY BURNS
D/B/A HERITAGE PARTNERS, LLC,**

                                                        **Appellees**


_____


### From the 40th District Court
### Ellis County, Texas
### Trial Court No. 79471

_____

## MEMORANDUM  OPINION

_____

The relevant procedural history in this appeal is as follows:

- On June 13, 2012, Appellants/Cross-Appellees Arjana Muhametaj and Rifat Muhametaj filed a notice of appeal from the trial court's interlocutory August 9, 2011 "Order Granting Defendant Derek Howard's Motion for Summary Judgment" and August 9, 2011 "Order Granting Defendant Dusty Autrey's Motion for Summary Judgment," both of which became final upon the trial court's June 11, 2012 "Final Judgment."

- On July 9, 2012, Cross-Appellant Larry Burns d/b/a Heritage Partners, LLC, apparently filed a timely motion for new trial.

- On August 8, 2012, the trial court reformed the final judgment while it still had plenary jurisdiction over the case. *See* TEX. R. CIV. P. 329b(e). The judgment is entitled "Final Nunc Pro Tunc Judgment"; however, a judgment nunc pro tunc corrects clerical errors *after* the trial court has lost plenary power. *See Ferguson v. Naylor*, 860 S.W.2d 123, 126 (Tex. App.—Amarillo 1993, writ denied).

- On August 17, 2012, Cross-Appellant Larry Burns d/b/a Heritage Partners, LLC, filed a notice of appeal from the trial court's August 8, 2012 final judgment.

- On September 7, 2012, the trial court signed an "Order Granting New Trial and Alternatively, Judgment Notwithstanding Verdict/Order Disregarding Jury Findings and Memorandum Opinion in Support Thereof." The order states that its primary purpose is to insure that Cross-Appellant Larry Burns d/b/a Heritage Partners, LLC, receives a new trial.

Because the trial court has granted a motion for new trial as to Larry Burns, the trial court's interlocutory summary judgment orders in favor of Derek Howard and Dusty Autrey are not final. We have no jurisdiction to hear an appeal from a judgment that is not final, unless there is specific statutory authority permitting an appeal before final judgment. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.012 (West Supp. 2012). None of the exceptions to the rule that only final judgments can be appealed applies in this case. *See id.* § 51.014 (West Supp. 2012) (listing interlocutory judgments that may be appealed before final judgment is rendered in the case).

On October 10, 2012, the Clerk of this Court notified Appellants/Cross-Appellees Arjana Muhametaj and Rifat Muhametaj that their appeal was subject to dismissal for want of jurisdiction unless, within twenty-one days from the date of the letter, a response was filed showing grounds for continuing the appeal. No response has been received from Appellants/Cross-Appellees Arjana Muhametaj and Rifat Muhametaj. Accordingly, their appeal is dismissed. *See* TEX. R. APP. P. 42.3(a), (c).

Furthermore, because the trial court has granted a motion for new trial as to Larry Burns, it appears that the cross-appeal of Cross-Appellant Larry Burns d/b/a Heritage Partners, LLC, is moot. On October 10, 2012, the Clerk of the Court notified Cross-Appellant Larry Burns d/b/a Heritage Partners, LLC, that his appeal was subject to dismissal as moot unless, within twenty-one days from the date of the letter, a response was filed showing grounds for continuing the appeal. No response has been received from Cross-Appellant Larry Burns d/b/a Heritage Partners, LLC. Accordingly, his appeal is also dismissed.


REX D. DAVIS
Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Appeal dismissed
Opinion delivered and filed November 29, 2012
[CV06]